1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8                  AT TACOMA

9
MACLEAN TOWNHOMES, LLC, a
10   Washington limited liability company, as
assignee of American Heritage Builders, a        CASE NO. C06-1093BHS
11   Washington corporation,

12           Plaintiff,

ORDER GRANTING
13       v.                                       PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
14   CHARTER OAK FIRE INSURANCE                   DENYING CHARTER OAK'S
CO., a foreign insurance company,                MOTION FOR SUMMARY
15                                                JUDGMENT
Defendant and Third- Party
16       Plaintiff,

17       v.

18   FIRST SPECIALTY INSURANCE
COMPANY, a foreign insurance
19   company,

20           Third-Party Defendant.

21           This matter comes before the Court on Plaintiff's Motion for Partial Summary

22   Judgment Re: Insurance Coverage (Dkt. 56) and Defendant Charter Oak Fire Insurance

23   Co.'s ("Charter Oak") Motion for Summary Judgment of Dismissal of Plaintiff's

24   Complaint (Dkt. 65).  The Court has considered the pleadings filed in support of and in

25   opposition to the motions, the declarations filed in support and opposition of the motions,

26   and the remainder of the file, and hereby grants Plaintiff's motion and denies Charter

27   Oak's motion for the reasons stated herein.

28

ORDER – 1

1

## I. SUMMARY JUDGMENT STANDARD

2      Summary judgment is proper only if the pleadings, depositions, answers to

3   interrogatories, and admissions on file, together with the affidavits, if any, show that there

4   is no genuine issue as to any material fact and the moving party is entitled to judgment as

5   a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a

6   matter of law when the nonmoving party fails to make a sufficient showing on an

7   essential element of a claim in the case on which the nonmoving party has the burden of

8   proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

9   fact for trial where the record, taken as a whole, could not lead a rational trier of fact to

10  find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

11  U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative

12  evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).

13  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

14  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing

15  versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W.*

16  *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

17      The determination of the existence of a material fact is often a close question. The

18  court must consider the substantive evidentiary burden that the nonmoving party must

19  meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

20  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual

21  issues of controversy in favor of the nonmoving party only when the facts specifically

22  attested by that party contradict facts specifically attested by the moving party. The

23  nonmoving party may not merely state that it will discredit the moving party's evidence at

24  trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*

25  *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

26  statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*

27  *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

28

ORDER – 2

1

## II. PLAINTIFF'S MOTION

2      Plaintiff moves for summary judgment on the limited issue of whether the

3  judgment against AHB falls within the terms of Charter Oak's policy. Dkt. 93 at 2.  When

4  interpreting an insurance policy, the Court should give the policy "a fair, reasonable, and

5  sensible construction as would be given to the contract by the average person purchasing

6  insurance." *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682 (1990).  When the language

7  of the contract is unambiguous, as is the case here, and Charter Oak has not argued to the

8  contrary, "the court must enforce it as written and may not modify it or create ambiguity

9  where none exists." *Weyerhaeuser Co. v. Commercial Union Ins. Co.,* 142 Wn.2d 654,

10 666 (2000).

11     In order to evaluate an insurance contract in Washington State the Court must

12 undertake a two-step process. *McDonald v. State Farm Fire & Gas. Co.,* 119 Wn.2d 724,

13 731 (1992).

14
> The burden first falls on the insured to show its loss is within the scope of
> the policy's insured loss.  If such a showing has been made, the insurer can
15
> nevertheless avoid liability by showing the loss is excluded by specific
> policy language.
16
*Overton v. Consolidated Ins. Co.,* 145 Wn.2d 417, 431-32 (2002) (citing *McDonald,* 119
17
Wn.2d at 731).  In the instant matter, from the declarations and exhibits before the Court,
18
Plaintiff has shown some "property damage" resulting from deficiencies caused by
19
American Heritage Builders or their subcontractors.  The Court finds that at least some of
20
this "property damage" does fall within the terms of Charter Oak's policy.  With respect
21
to whether any policy exclusions apply, Charter Oak has not contradicted Plaintiff's
22
arguments that the policy exclusions do not apply at least to some of the damages
23
resulting from the work performed by American Heritage Builders and its subcontractors.
24
However, the Court will not preclude Charter Oak from raising applicable policy
25
exclusions to particular damages asserted in a reasonableness hearing.  The Court also
26
finds that under Washington law the damage resulted from multiple occurrences and is
27

28

ORDER – 3

1    thus subject to the $2 million aggregate limit.  The issues of the reasonableness of the

2    judgment or whether Charter Oak is relieved of its liability due to American Heritage

3    Builder's alleged failure to allow Charter Oak to participate in the settlement of this

4    matter or receive its consent are not decided or disposed of here.  Charter Oak may

5    contest the reasonableness of the settlement judgment and may argue that it is relieved of

6    all liability due to the alleged breach of contract by American Heritage Builders.

### III. CHARTER OAK'S MOTION

8        Charter Oak moves for summary judgment dismissal of Plaintiff's claim based on

9    the alleged breach of contract by American Heritage Builders for failure to allow Charter

10   Oak to participate in settlement negotiations and for failure to receive Charter Oak's

11   consent when entering into the settlement judgment with Plaintiff. Dkt. 65. The Court

12   finds that summary judgment is not appropriate based on the record before the Court.

13   Charter Oak has failed to show as a matter of law that under the circumstances present in

14   this case, American Heritage Builders breached its contractual duties to allow Charter

15   Oak to participate and consent in entering into the stipulated judgment with Plaintiff. "An

16   insurer cannot deprive an insured of the benefit of purchased coverage absent a showing

17   that the insurer was actually prejudiced by the insured's noncompliance" with the

18   cooperation clause. *Public Utility Dist. No. 1 of Klickitat County v. International*

19   *Insurance Co.,* 124 Wn.2d 789, 804 (1994).  The determination of whether actual

20   prejudice exists is a factual determination and the burden of proof is on the insurer. *Id.*

21   Actual "prejudice will be presumed only in extreme cases."*Felice v. St. Paul Fire &*

22   *Marine Ins. Co.,* 42 Wn. App. 352, 359 (1986).  The Court finds that Charter Oak has not

23   carried its burden and that this case does not warrant a presumption of actual prejudice.

24   Therefore, the motion should be denied.

25

26

27

28

ORDER – 4

**IV. ORDER**

It is **ORDERED** that Plaintiff's Motion for Partial Summary Judgment Re: Insurance Coverage (Dkt. 56) is  hereby **GRANTED** as indicated herein and Defendant Charter Oak Fire Insurance Co.'s Motion for Summary Judgment of Dismissal of Plaintiff's Complaint (Dkt. 65) is hereby **DENIED**.

DATED this 7th day of May, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5