UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,<br><br> Plaintiff,<br><br> v.<br><br>CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,<br><br> Defendant and Third-Party Plaintiff,<br><br> v.<br><br>FIRST SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br> Third-Party Defendant. | CASE NO. C06-1093BHS<br><br>ORDER GRANTING DEFENDANT CHARTER OAK FIRE INSURANCE CO.'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Charter Oak Fire Insurance Co.'s Motion for Reconsideration (Dkt. 108). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Charter Oak's motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On August 3, 2006, Plaintiff MacLean Townhomes Inc. filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract between assignor American Heritage Builders and Defendant Charter Oak. Dkt. 56 at 1

ORDER – 1

1  (see Dkt. 56 at 1-8 and Dkt. 65 at 1-9 for a more thorough explanation of the facts).

2  On December 17, 2007, Plaintiff filed a Motion for Partial Summary Judgment Re:
3  Insurance Coverage. Dkt. 56. Plaintiff requested that the Court declare that Plaintiff's
4  judgment against assignor American Heritage Builder was covered as a matter of law
5  under the insurance contract. *Id*. at 2. On March 10, 2008, Defendant responded. Dkt.
6  79. On March 21, 2008, Plaintiff replied. Dkt. 93.

7  On January 10, 2008, Defendant filed a Motion for Summary Judgment asking the
8  Court to dismiss Plaintiff's complaint because Plaintiff violated the cooperation clause
9  and the voluntary payments clause of the insurance contract. Dkt. 65 at 2. On March 10,
10 2008, Plaintiff responded. Dkt. 84. On March 21, 2008, Defendant replied. Dkt. 90.

11 On May 7, 2008, the Court issued an Order Granting Plaintiff's Motion for Partial
12 Summary Judgment Re: Insurance Coverage and Denying Defendant's Motion for
13 Summary Judgment. Dkt. 105. On May 21, 2008, Defendant filed a Motion for
14 Reconsideration asking the Court to reconsider its decision on each of the motions for
15 summary judgment. Dkt. 108. On June 5, 2008, the Court issued an Order Setting
16 Briefing Schedule on Reconsideration. Dkt. 113. In that order, the Court denied
17 Defendant's Motion for Reconsideration on its decision denying Defendant's Motion for
18 Summary Judgment and allowed additional briefing on Defendant's Motion for
19 Reconsideration of the decision granting Plaintiff's Motion for Summary Judgment Re:
20 Insurance Coverage. *Id*. On June 13, 2008, Plaintiff responded. Dkt. 128. On June 19,
21 2008, Defendant replied. Dkt. 131.

22 The remainder of Defendant's Motion for Reconsideration is now ripe for
23 decision.

## II. DISCUSSION

25 Local Rule 7(h) states that:

ORDER – 2

1  |  Motions for reconsideration are disfavored. The court will ordinarily deny
2  |  such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule 7(h). Defendant argues that the Court committed manifest error when it granted Plaintiff's Motion for Summary Judgment Re: Insurance Coverage because there existed material issues of fact that precluded summary judgment. Dkt. 108 at 4-8; Dkt. 131 at 2.

**A.  SUMMARY JUDGMENT RULING**

Plaintiff moved for summary judgment as to Defendant's coverage under the insurance contract. *See* Dkt. 56. Defendant responded that "[t]he motion must be denied because [Plaintiff] has failed to establish by uncontroverted evidence a breach of contract by [Defendant] . . . ." Dkt. 79 at 2. Defendant argued that "[Plaintiff's] position rests entirely on the testimony of Mark Lawless that [the assignor's] work was defective and caused property damage." *Id*. at 6. Moreover, Defendant stated that "every point of Lawless's testimony is controverted by the testimony of [the assignor's] principal Chad Hansen and [the assignor's] defense consultant Jim Phillips." *Id*. at 3. Plaintiff replied that "[t]he Phillips and Hansen declarations do not even contest the first six deficiencies that Mr. Lawless identified." Dkt. 93 at 4-5. Based on this information, the Court found that "at least some of this 'property damage' does" subject Defendant to liability under the insurance contract. Dkt. 105 at 3.

On reconsideration, Defendant maintains that Phillips' testimony "controverts the first six alleged deficiencies as well." Dkt. 108 at 4. Defendant cites two of Phillips' statements that support its argument:

1)  "the siding and building paper and associated flashings are performing their function in that they are not allowing excessive moisture to enter the building envelope system" and

ORDER – 3

    2)    "While I agree with [] Lawless that there has been some water intrusion as a result of construction deficiencies at Summerhill, I disagree with their conclusion that the water intrusion is related to work performed by American Heritage Builders, Inc."

*Id*. at 4-5.

"On a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party." *In Re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). Phillips is a specialist in construction defect litigation. Dkt. 108 at 18. Moreover, Phillips stated that he conducted an on-site investigation of the condominium in question and had performed a thorough review of the construction documents, plans and specifications, and photos of the complex. *Id.* Phillips then expressed his opinion as to the extent and source of the water intrusion at the condominium complex. *Id*. at 18-23. Defendant is entitled to the reasonable inferences that can be drawn from Phillips opinion. Accordingly, the Court committed manifest error by granting summary judgment when material issues of fact existed.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Charter Oak Fire Insurance Co.'s Motion for Reconsideration (Dkt. 108) is **GRANTED** and the Order Granting Plaintiff's Motion for Partial Summary Judgment Re: Insurance Coverage (Dkt. 105) is **VACATED.** Plaintiff's Motion for Partial Summary Judgment Re: Insurance Coverage (Dkt. 56) is **DENIED**.

DATED this 25th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4