UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,<br><br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>FIRST SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br>    Third-Party Defendant. | CASE NO. C06-1093BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING ENTITLEMENT TO PREJUDGMENT INTEREST |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment Regarding Entitlement to Prejudgment Interest. Dkt. 111. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Plaintiff's motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On August 3, 2006, Plaintiff MacLean Townhomes Inc. filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract

ORDER – 1

between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1.

MacLean was the developer and builder of the Summerhill Village Condominium ("the Condominium"), a 166-unit condominium located in Issaquah, Washington. Declaration of Chris Landschulz ("Landschulz Decl."), Dkt. 57, ¶¶ 3, 4. MacLean developed the Condominium in three phases and each phase included 10 separate buildings (for a total of 30 buildings at the Condominium). *Id*.

On August 23, 1999, MacLean entered into a subcontract ("Subcontract") with AHB under which AHB agreed to install all siding, exterior wood trim, weather resistive barrier, and soffits on Phase 2 of the Condominium. *Id*. ¶ 5. AHB finished working on Phase 2 in December 1999. Declaration of Chad Hansen ("Hansen Decl."), Dkt. 60, ¶ 4. On February 23, 2000, MacLean and AHB extended the Subcontract to include Phase 3 of the construction project. *Id*. ¶ 5.

Defendant Charter Oak insured AHB under a "Commercial General Liability" insurance policy, policy number IO-680-464175, with an August 18, 2000 through August 18, 2001 policy period. Declaration of Gregory L. Harper ("Harper Decl."), Dkt. 59, Exh. A ("Policy"). The Policy has limits of $1,000,000 "each occurrence" and $2,000,000 in the "aggregate." *Id*. at 14, 64. According to the Policy's insuring clause, it covers "those sums that the insured becomes legally obligated to pay." *Id*. at 59.

In early 2003, the Summerhill Village Condominium Owners Association ("the Association") first notified MacLean about alleged construction defects and resulting property damage at the Condominium. Landschulz Decl., ¶ 7. The Association alleged that damage was resulting from, among other things, defects in the performance of AHB's work on Phases 2 and 3 of the Condominium. *Id*., Exh. B.

While the Association and MacLean were negotiating a settlement of the defects, MacLean filed a lawsuit against AHB (and several other subcontractors) in King County Superior Court ("the Underlying Action"). *Id*., ¶ 9. MacLean sued AHB for both breach

ORDER – 2

1  of contract and indemnity for MacLean's liability to the Association. *Id*. AHB tendered
2  the defense of the Underlying Action to Charter Oak. On August 4, 2004, Charter Oak
3  accepted the tender and agreed to defend AHB subject to a reservation of rights. Harper
4  Decl., ¶ 4.

5  On March 3, 2005, MacLean and AHB executed a Settlement Agreement,
6  Assignment of Rights and Covenant Not to Execute. Landschulz Decl., Exh. E
7  ("Settlement Agreement"). The amount of the Settlement Agreement was $1,806,219.06.
8  *Id*. In addition, AHB assigned to MacLean all of its contractual and extra-contractual
9  claims and causes of action against its liability insurers, including Charter Oak. *Id*. In
10 return, MacLean agreed to enforce the Stipulated Judgment only against AHB's insurance
11 companies. *Id*. On June 2, 2005, Superior Court Judge Paris Kallas entered a Judgment
12 Summary of the Settlement Agreement. Declaration of Michael J. Crisera ("Crisera
13 Decl."), Dkt. 99 at 35.

14 In July 2007, MacLean noted a hearing date before the Superior Court to
15 determine the reasonableness of the amount of the Settlement Agreement. *Id*. at 38. On
16 July 23, 2007, Judge Kallas entered an order stating that "All claims against all parties
17 have been finally resolved. Thus, [MacLean's] Motion for a Determination of
18 Reasonableness is stricken." *Id*. at 40-41. Judge Kallas also stated that "The Federal
19 District Court may hear and determine reasonableness of the settlement along with the
20 related issue pending before the court." *Id*.

21 On June 3, 2008, Plaintiff filed a Motion for Summary Judgment Regarding
22 Entitlement to Prejudgment Interest. Dtk. 111. Plaintiff contends that "to the extent [it]
23 obtains a recovery on its claim for indemnity coverage against Charter Oak, Charter Oak
24 will be liable for prejudgment interest on the amount recovered calculated from the March
25 5, 2005 MacLean/AHB date." *Id*. at 7. On June 23, 2008, Defendant responded. Dkt.
26 133. On June 27, 2008, Plaintiff replied. Dkt. 137.

27
28

ORDER – 3

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – *e.g.*, a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.      ENTITLEMENT TO PREJUDGEMENT INTEREST**

Plaintiff argues that its "indemnity claim for the settlement amount between [Plaintiff] and [AHB] is liquidated and is subject to an award of prejudgment interest . . . ." Dkt. 111 at 8. Under Washington law, prejudgment interest may be awarded when an amount claimed is liquidated. *Hansen v. Rothaus*, 107 Wn.2d 468, 472, 730 P.2d 662 (1986). A liquidated claim is a claim where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or *discretion*. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968) (emphasis added).

Defendant argues that the claim at issue, the amount of the Settlement Agreement, is not a liquidated claim because the amount of that judgment is subject to the Court's discretion. Dkt. 133 at 2. Although Defendant has argued that the Court should not conduct a reasonableness hearing (*see* Dkt. 101), it maintains that "There is evidence in the case suggesting that the value of the claim is (1) zero because the settlement was collusive, (2) 'close to $127,000,'" or (3) from $150-$250,000." Dkt.133 at 4. Based on that evidence, the Court "could, in the exercise of its discretion, reject all of the suggested amounts and find that a completely different – and currently unknown – amount is reasonable." *Id*. at 5. While that may be one view of the term "discretion," Washington courts have interpreted it differently.

In *King County v. Puget Sound Power & Light Co.*, 70 Wn. App. 58, 852 P.2d 313 (1993), the trial court held that the indemnity agreement at issue required defendant to fully reimburse plaintiff for plaintiff's prior settlement with a third party and ordered defendant to pay prejudgment interest from the date of the settlement. *Id*. at 60. Defendant appealed the award of prejudgment interest and argued "that the amount sought by [plaintiff] for its [prior settlement] was unliquidated . . . because [plaintiff's

ORDER – 5

prior settlement] was recoverable only if reasonable in amount." *Id*. at 61. The appellate court rejected that argument stating that "even though [defendant] *could have* challenged the amount of [plaintiff's] settlement with the [third party], this does not change the character of [plaintiff's] *claim* from liquidated to unliquidated." *Id*. at 62 (emphasis in original). In this case, Defendant Charter Oak attempts to distinguish *Puget Sound* on the grounds that defendant Puget Sound stipulated to the reasonableness of the settlement whereas Charter Oak disputes the reasonableness of the Settlement. Dkt. 133 at 3. As cited above, the court in *Puget Sound* specifically addressed and rejected that possibility.

Further, the character of Plaintiff's underlying claim is irrelevant to the character of Plaintiff's claim in this action. As the *Puget Sound* court stated, "the character of the underlying claim does not negate the fact that the amount sought by [plaintiff] as indemnity was liquidated." *Puget Sound,* 70 Wn. App. at 62. In this case, although Plaintiff's underlying claim may have been unliquidated, that would not affect the character of its indemnity claim in this action. Any defenses that Defendant may have to the amount of the underlying claim are also irrelevant to the determination of whether it is liquidated because "it is the character of the claim and not of the defense that is determinative of the question whether an amount of money sued for is a 'liquidated sum.'" *Id*. at 63 (internal citation omitted).

Defendant's remaining arguments are by analogy to other Washington cases. *See* Dkt. 133 at 4-7. These arguments are unpersuasive and do not contradict the holding of *Puget Sound*.

Therefore, the Court grants Plaintiff's Motion for Summary Judgment Regarding Entitlement to Prejudgment Interest. To the extent that Plaintiff obtains a recovery in this case on its claim for indemnity coverage against Defendant, it is entitled to interest on that amount calculated from March 3, 2005.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment Regarding Entitlement to Prejudgment Interest (Dkt. 111) is **GRANTED**

DATED this 11th day of July, 2008.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER – 7