UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,<br><br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>FIRST SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br>    Third-Party Defendant. | CASE NO. C06-1093BHS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: PRODUCT OF FRAUD OR COLLUSION |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment Re: Product of Fraud or Collusion. Dkt. 119. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Plaintiff's motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 3, 2006, Plaintiff MacLean Townhomes, LLC filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract

ORDER – 1

between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1.

MacLean was the developer and builder of the Summerhill Village Condominium ("the Condominium"), a 166-unit condominium located in Issaquah, Washington. Declaration of Chris Landschulz ("Landschulz Decl."), Dkt. 57, ¶¶ 3, 4. MacLean developed the Condominium in three phases and each phase included 10 separate buildings (for a total of 30 buildings at the Condominium). *Id*.

On August 23, 1999, MacLean entered into a subcontract ("Subcontract") with AHB under which AHB agreed to install all siding, exterior wood trim, weather resistive barrier, and soffits on Phase 2 of the Condominium. *Id*. ¶ 5. AHB finished working on Phase 2 in December 1999. Declaration of Chad Hansen ("Hansen Decl."), Dkt. 60, ¶ 4. On February 23, 2000, MacLean and AHB extended the Subcontract to include Phase 3 of the construction project. *Id*. ¶ 5.

Defendant Charter Oak insured AHB under a "Commercial General Liability" insurance policy, policy number IO-680-464175, with an August 18, 2000 through August 18, 2001 policy period. Declaration of Gregory L. Harper ("Harper Decl."), Dkt. 59, Exh. A ("Policy"). The Policy has limits of $1,000,000 for "each occurrence" and $2,000,000 in the "aggregate." *Id*. at 14, 64. According to the Policy's insuring clause, it covers "those sums that the insured becomes legally obligated to pay." *Id*. at 59.

In early 2003, the Summerhill Village Condominium Owners Association ("the Association") first notified MacLean about alleged construction defects and resulting property damage at the Condominium. Landschulz Decl., ¶ 7. The Association alleged that damage was resulting from, among other things, defects in the performance of AHB's work on Phases 2 and 3 of the Condominium. *Id*., Exh. B.

While the Association and MacLean were negotiating a settlement of the defects, MacLean filed a lawsuit against AHB (and several other subcontractors) in King County Superior Court ("the Underlying Action"). *Id*., ¶ 9. MacLean sued AHB for both breach

ORDER – 2

of contract and indemnity for MacLean's liability to the Association. *Id*. AHB tendered the defense of the Underlying Action to Charter Oak. On August 4, 2004, Charter Oak accepted the tender and agreed to defend AHB subject to a reservation of rights. Harper Decl., ¶ 4.

On March 3, 2005, MacLean and AHB executed a Settlement Agreement, Assignment of Rights and Covenant Not to Execute. Landschulz Decl., Exh. E ("Settlement Agreement"). The amount of the Settlement Agreement was $1,806,219.06. *Id*. In addition, AHB assigned to MacLean all of its contractual and extra-contractual claims and causes of action against its liability insurers, including Charter Oak. *Id*. In return, MacLean agreed to enforce the Stipulated Judgment only against AHB's insurance companies. *Id*. On June 2, 2005, Superior Court Judge Paris Kallas entered a Judgment Summary of the Settlement Agreement. Declaration of Michael J. Crisera ("Crisera Decl."), Dkt. 99 at 35.

The circumstances leading up to the settlement are contested. Plaintiff claims that the settlement was an arm's-length transaction entered into by AHB after Defendant sent AHB a reservation of rights letter. Dkt. 119 at 5-6. In fact, the president of AHB declares that he felt like he was "hung out to dry" by Defendant. Harper Decl., Exh. B. On the other hand, Defendant claims that it was informed that the settlement value of the case was significantly lower than the MacLean/AHB settlement amount. Declaration of Deveney Trotten, Dkt. 143-3 at 2-3. Defendant has also submitted an opinion by an expert, Mr. Jim Phillips, in which Mr. Phillips concludes that the property damage at the Condominium was not the result of AHB's work. Declaration of Jim Phillips, Dkt. 143-4, ¶ 3.

In July 2007, MacLean noted a hearing date before the Superior Court to determine the reasonableness of the amount of the Settlement Agreement. *Id*. at 38. On July 23, 2007, Judge Kallas entered an order stating that "All claims against all parties have been finally resolved. Thus, [MacLean's] Motion for a Determination of

ORDER – 3

1  Reasonableness is stricken." *Id.* at 40-41. Judge Kallas also stated that "The Federal
2  District Court may hear and determine reasonableness of the settlement along with the
3  related issue pending before the court." *Id.*

4  On June 10, 2008, Plaintiff filed a Motion for Summary Judgment Re: "Product of
5  Fraud or Collusion. Dkt. 119. On July 7, 2008, Defendant responded. Dkt. 143. On July
6  11, 2008, Plaintiff replied. Dkt. 161.

## II. DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – *e.g.*, a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Plaintiff's Motion for Summary Judgment**

Plaintiff has requested that the Court declare, as a matter of law, that the underlying settlement between Plaintiff and AHB was not the "product of fraud or collusion." Dkt. 119 at 3. "Once the court determine[s] the covenant judgment was reasonable, the burden shift[s] to [the insurer] to show the settlement was the product of fraud or collusion." *Besel v. Viking Ins. Co.*, 146 Wn.2d 730, 736 (2002). Plaintiff argues that the procedural course of this case will be the following:

> (1)     this Court should determine whether the amount of the MacLean/AHB settlement is reasonable and, if not, what settlement amount is reasonable;
> (2)     that reasonable settlement amount is the presumptive measure of harm for MacLean's claims against Charter Oak; and
> (3)     once this Court determines the reasonable settlement amount, the burden shifts to Charter Oak to prove that the MacLean/AHB settlement was the product of fraud or collusion.

Dkt. 119 at 12.

Plaintiff maintains that, in regard to step 3, Defendant "has zero evidence of fraud or collusion." *Id.* (emphasis in original). In other words, Plaintiff is asking the Court to put the cart before the horse in a hypothetical direction for which this litigation could proceed. Moreover, Plaintiff seeks a ruling on evidence regarding fraud or collusion *before* the Court will hear "any evidence of bad faith, fraud, or collusion" at a reasonableness hearing. *See Glover v. Tacoma Hosp.*, 98 Wn.2d 708 (1983). Plaintiff has provided ***no*** authority requiring this Court to rule on this issue at this procedural

ORDER – 5

posture. Because the Court denies Plaintiff's motion on its merits, there is no reason to reserve judgment.

Plaintiff claims that Defendant has presented no evidence that the MacLean/AHB settlement was "collusive." Dkt. 161 at 5. The Court is unaware of any Washington State court opinion that defines the parameters of a collusive settlement. Defendant, however, has cited a similar district court opinion from New Mexico, *Continential Casualty v. Westerfield*, 961 F. Supp. 1502 (D.N.M. 1997). In *Westerfield*, the court started with the basic premise that a covenant judgment warranted "heightened scrutiny." *Id*. at 1505.

> [A] stipulated judgment . . . which is coupled with a covenant not to execute against the insured brings with it a high potential for fraud or collusion. With no personal exposure the insured has no incentive to contest liability or damages. To the contrary, the insured's best interests are served by agreeing to damages in any amount so long as the agreement requires the insured will not be personally responsible . . . .

*Id*. The court went on to list various indicators of collusion: 1) the unreasonableness of the settlement amount; 2) concealment; 3) lack of serious negotiation on damages; 4) profit to the insured; and 5) attempt to harm the interest of the insured. *Id*.

Plaintiff attempts to distinguish *Westerfield* on the basis of the interests of the policyholder. Plaintiff claims that, in *Westerfield*, the policyholder had an interest in the bad faith lawsuit against the insurer whereas, in this case, AHB has no interest at all in this bad faith lawsuit. Dkt. 161 at 9-10. Plaintiff's argument is unpersuasive. The *Westerfield* court specifically stated that "the insured's best interests are served by agreeing to damages in any amount so long as the agreement requires the insured will not be personally responsible . . . ." *Westerfield*, 961 F. Supp. at 1505. The Court agrees with that proposition. In this case, it was in AHB's best interest to settle and absolve itself of any liability.

Furthermore, Defendant has submitted evidence that establishes material issues of facts regarding other indicators of collusion. For example, defense expert Jim Phillips

ORDER – 6

has stated that the property damage at the Condominium was not the result of AHB's work. Phillips Decl., ¶ 3. Yet, AHB settled for $1.8 million dollars. *See* Settlement Agreement. Defendant is entitled to the inference that any settlement amount is an indication of a unreasonable settlement and, therefore, the MacLean/AHB settlement was the product of some collusion. Additionally, Defendant has submitted evidence that at least some of the settlement negotiations and preliminary amounts were concealed from Defendant. Devenley Decl. at 2-3. Defendant is entitled to the inferences that can be drawn from these facts. *Anderson*, 477 U.S. at 255.

Plaintiff argues that the Court should adopt a specific definition of "collusion," which is a follows:

> An agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law. It implies the existence of fraud of some kind, the employment of fraudulent means, or of lawful means for the accomplishment of an unlawful purpose.

Dkt. 161 at 11-12 (quoting Black's Law Dictionary 264 (6th ed. 1990)). Plaintiff, however, has failed to cite a Washington State court opinion that has adopted that definition. Plaintiff's argument is unpersuasive in light of other district courts' reasoning and application of the "term" collusion.

Plaintiff also argues that, in order to establish fraud, Defendant must present evidence as to the nine elements[1] of common-law fraud. Dkt. 161 at 2. Plaintiff, however, has failed to cite a Washington State court case applying the nine elements of fraud to an insurance settlement. Contrary to Plaintiff's argument, Washington State courts hold that settlements may be collaterally attacked if they are the result of fraud ***or***

---

[1] The elements of fraud are (1) the representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the statement be acted upon by the person to whom it is made; (6) the recipient's ignorance of its falsity; (7) the recipient's reliance on the truth of the representation; (8) the recipient's right to rely on it; and (9) consequent damages. *Goel v. Jain, et al.*, 259 F. Supp. 2d 1128, 1136 (W.D.Wash. 2003); *citing Farrell v. Score*, 67 Wn. 2d 957, 958-59, 411 P.2d 146 (1966); *Kirkham v. Smith*, 106 Wn. App. 177, 183, 23 P.3d 10 (2001).

ORDER – 7

collusion. *See, e.g., Truck Insurance Exchange v. Vanport Homes*, 147 Wn. 2d 751, 765, 58 P.3d 276 (2002).

Therefore, Plaintiff's Motion for Summary Judgment Re: "Product of Fraud or Collusion" is denied because Defendant has shown that material issues of fact exist regarding whether the MacLean/AHB settlement was the product of fraud or collusion.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment Re: Product of Fraud or Collusion (Dkt. 119) is **DENIED**.

DATED this 21st day of July, 2008.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge

ORDER – 8