UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,

  Plaintiff,

  v.

CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,

  Defendant and Third-Party Plaintiff,

  v.

FIRST SPECIALTY INSURANCE COMPANY, a foreign insurance company,

  Third-Party Defendant.

CASE NO. C06-1093BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL WITNESS DISCLOSURE

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Supplemental Witness Disclosure. Dkt. 126. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part Plaintiff's motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On August 3, 2006, Plaintiff MacLean Townhomes, LLC filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract

ORDER – 1

between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1.

MacLean was the developer and builder of the Summerhill Village Condominium ("the Condominium"), a 166-unit condominium located in Issaquah, Washington. Declaration of Chris Landschulz ("Landschulz Decl."), Dkt. 57, ¶¶ 3, 4. MacLean developed the Condominium in three phases and each phase included 10 separate buildings (for a total of 30 buildings at the Condominium). *Id*.

On August 23, 1999, MacLean entered into a subcontract ("Subcontract") with AHB under which AHB agreed to install all siding, exterior wood trim, weather resistive barrier, and soffits on Phase 2 of the Condominium. *Id*. ¶ 5. AHB finished working on Phase 2 in December 1999. Declaration of Chad Hansen ("Hansen Decl."), Dkt. 60, ¶ 4. On February 23, 2000, MacLean and AHB extended the Subcontract to include Phase 3 of the construction project. *Id*. ¶ 5.

Defendant Charter Oak insured AHB under a "Commercial General Liability" insurance policy, policy number IO-680-464175, with an August 18, 2000 through August 18, 2001 policy period. Declaration of Gregory L. Harper ("Harper Decl."), Dkt. 59, Exh. A ("Policy"). The Policy has limits of $1,000,000 "each occurrence" and $2,000,000 in the "aggregate." *Id*. at 14, 64. According to the Policy's insuring clause, it covers "those sums that the insured becomes legally obligated to pay." *Id*. at 59.

In early 2003, the Summerhill Village Condominium Owners Association ("the Association") first notified MacLean about alleged construction defects and resulting property damage at the Condominium. Landschulz Decl., ¶ 7. The Association alleged that damage was resulting from, among other things, defects in the performance of AHB's work on Phases 2 and 3 of the Condominium. *Id*., Exh. B.

While the Association and MacLean were negotiating a settlement of the defects, MacLean filed a lawsuit against AHB (and several other subcontractors) in King County Superior Court ("the Underlying Action"). *Id*., ¶ 9. MacLean sued AHB for both breach

ORDER – 2

1 | of contract and indemnity for MacLean's liability to the Association. *Id.* AHB tendered the defense of the Underlying Action to Charter Oak. On August 4, 2004, Charter Oak accepted the tender and agreed to defend AHB subject to a reservation of rights. Harper Decl., ¶ 4.

On March 3, 2005, MacLean and AHB executed a Settlement Agreement, Assignment of Rights and Covenant Not to Execute. Landschulz Decl., Exh. E ("Settlement Agreement"). The amount of the Settlement Agreement was $1,806,219.06. *Id.* In addition, AHB assigned to MacLean all of its contractual and extra-contractual claims and causes of action against its liability insurers, including Charter Oak. *Id.* In return, MacLean agreed to enforce the Stipulated Judgment only against AHB's insurance companies. *Id.* On June 2, 2005, Superior Court Judge Paris Kallas entered a Judgment Summary of the Settlement Agreement. Declaration of Michael J. Crisera ("Crisera Decl."), Dkt. 99 at 35.

On December 18, 2007, the Court issued a scheduling order requiring discovery to be completed by May 12, 2008. Dkt. 63. On May 8, 2007, Mark Thorsrud of the law firm of Thorsrud Cane & Paulich appeared in this action for Defendant. Dkt. 28.

On July 27, 2007, the parties exchanged their initial disclosures. Second Declaration of Micheal J. Crisera ("Second Crisera Decl."), Dkt. 127, Exh. C. In its initial disclosures, Defendant did not list Mr. Thorsrud as a potential fact witness. *Id.* Plaintiff asserts that:

> at no time before the May 12, 2008 discovery cut-off date in this case did Charter Oak seek to amend its initial disclosures to list Mr. Thorsrud as a potential fact witness. Moreover, at no time prior to the discovery cut-off did Charter Oak ever indicate it believed Mr. Thorsrud should be a witness in the matter, even though Charter Oak now claims Mr. Thorsrud is a "witness" to events occurring in 2004.

Dkt. 126 at 2.

On June 2, 2008, the law firm of Cole Lether Wathen & Leid, PS, associated as counsel for Defendant and appeared in this action. Dkt. 110. Defendant's counsel claims

ORDER – 3

1 that he informed Plaintiff's counsel on June 3, 2008, that Mr. Thorsrud would be a
2 potential fact witness. Declaration of Thomas Lether, Dkt. 140 ¶ 2. Defendant's counsel
3 also claims that he has repeatedly advised Plaintiff's counsel that Mr. Thorsrud would be
4 available for a deposition at Plaintiff's convenience. *Id*. ¶ 5.

On June 13, 2008, Plaintiff filed a Motion to Strike Defendant's Supplemental Witness Disclosure. Dkt. 126. On June 27, 2008, Defendant responded. Dkt. 138. On July 7, 2008, Plaintiff replied. Dkt. 142.

## II. DISCUSSION

A party to an action is under a duty to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). In general, a party must make this disclosure within 14 days of the parties' initial discovery conference. *Id*. (a)(1)(c). A party is also under a continuing obligation to supplement or correct its disclosure in a timely manner. *Id*. (e). If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)

It is undisputed that Defendant did not disclose Mr. Thorsrud as a fact witness either in its initial disclosures or before the discovery completion date. Plaintiff argues that the disclosure is therefore "untimely, extremely prejudicial to [Plaintiff's] preparation of the case, and no good reason exists to allow it at this late date." Dkt. 126 at 2. Plaintiff, however, has failed to cite any Ninth Circuit case law interpreting Rule 37 as a strict preclusion of a fact witness based on facts similar to those currently before the Court.

Defendant argues that 1) the late disclosure was justified and timely given Plaintiff's failure to provide information regarding its claims, 2) Plaintiff was aware of Mr. Thorsrud's involvement in this case, and 3) Plaintiff has failed to show any resulting

ORDER – 4

prejudice or harm. Dkt. 138 at 8-12. Although Defendant's first two arguments may have merit, Defendant has failed to show that its omission was either substantially justified or harmless. In other words, Defendant has failed to demonstrate that the late disclosure was an honest mistake or that Plaintiff should have expected that Defendant's counsel would also be called as a fact witness.

In addition to, or instead of the witness preclusion sanction, the court, on motion and after giving an opportunity to be heard, may order payment of the reasonable expenses, including attorneys' fees, caused by the failure. Fed. R. Civ. P. 37(c)(1). Trial on this matter has been rescheduled for October 21, 2008. The Court, under its discretionary authority, finds that preclusion of Mr. Thorsrud as a fact witness is an inappropriate sanction given the amount of time for appropriate discovery between this order and trial. Therefore, Plaintiff's request for the preclusion of Mr. Thorsud is denied.

The Court does, however, find that some sanction is warranted. Although Defendant has not specifically conceded that lesser sanctions are appropriate, Defendant did raise this issue, Dkt. 138 at 5-8, and, under Rule 37, Defendant is entitled to an opportunity to be heard on this issue. *See supra*. Therefore, Defendant is ordered to show cause, if any, why the Court should not order sanctions in the amount of the reasonable expenses, including attorneys' fees, for Plaintiff's reasonable discovery regarding Mr. Thorsrud.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Strike Defendant's Supplemental Witness Disclosure (Dkt. 126) is **GRANTED in part** and **DENIED in part** as stated herein. Defendant is ordered to **SHOW CAUSE** why sanctions for Plaintiff's additional discovery should not be imposed. Defendant may show cause, if any, in a pleading no longer than three pages by August 4, 2008. Plaintiff may respond in a pleading no longer

ORDER – 5

than three pages by August 6, 2008.  Defendant may reply no later than August 8, 2008.  The order to show cause is noted for August 8, 2008.

DATED this 22nd day of July, 2008.

/s/ Benjamin H. Settle
BENJAMIN H. SETTLE
United States District Judge

ORDER – 6