1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                 AT TACOMA

8   MACLEAN TOWNHOMES, LLC, a
    Washington limited liability company, as
9   assignee of American Heritage Builders, a      CASE NO. C06-1093BHS
    Washington corporation,
10
            Plaintiff,
11
                                                    ORDER GRANTING IN PART
        v.                                          AND DENYING IN PART
12                                                  DEFENDANT'S MOTION
    CHARTER OAK FIRE INSURANCE                      FOR PARTIAL SUMMARY
13  CO., a foreign insurance company,              JUDGMENT

14          Defendant and Third-Party
            Plaintiff,
15
        v.
16
    FIRST SPECIALTY INSURANCE
17  COMPANY, a foreign insurance
    company,
18
            Third-Party Defendant.
19

20          This matter comes before the Court on Defendant's Motion for Partial Summary

21  Judgment.  Dkt. 116.  The Court has considered the pleadings filed in support of and in

22  opposition to the motion and the remainder of the file and hereby grants in part and denies

23  in part Defendant's motion for the reasons stated herein.

24               **I. PROCEDURAL AND FACTUAL BACKGROUND**

25          On August 3, 2006, Plaintiff MacLean Townhomes, LLC filed a complaint for

26  declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance

27  Co.  Dkt. 1.  Plaintiff's claims are based on the assignment of an insurance contract

28

    ORDER – 1

between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1.

MacLean was the developer and builder of the Summerhill Village Condominium ("the Condominium"), a 166-unit condominium located in Issaquah, Washington. Declaration of Chris Landschulz ("Landschulz Decl."), Dkt. 57, ¶¶ 3, 4. MacLean developed the Condominium in three phases and each phase included 10 separate buildings (for a total of 30 buildings at the Condominium). *Id.*

On August 23, 1999, MacLean entered into a subcontract ("Subcontract") with AHB under which AHB agreed to install all siding, exterior wood trim, weather resistive barrier, and soffits on Phase 2 of the Condominium. *Id.* ¶ 5. AHB finished working on Phase 2 in December 1999. Declaration of Chad Hansen ("Hansen Decl."), Dkt. 60, ¶ 4. On February 23, 2000, MacLean and AHB extended the Subcontract to include Phase 3 of the construction project. *Id.* ¶ 5.

Defendant Charter Oak insured AHB under a "Commercial General Liability" insurance policy, policy number IO-680-464175, with an August 18, 2000 through August 18, 2001 policy period. Declaration of Gregory L. Harper ("Harper Decl."), Dkt. 59, Exh. A ("Policy"). The Policy has limits of $1,000,000 "each occurrence" and $2,000,000 in the "aggregate." *Id.* at 14, 64. According to the Policy's insuring clause, it covers "those sums that the insured becomes legally obligated to pay." *Id.* at 59.

In early 2003, the Summerhill Village Condominium Owners Association ("the Association") first notified MacLean about alleged construction defects and resulting property damage at the Condominium. Landschulz Decl., ¶ 7. The Association alleged that damage was resulting from, among other things, defects in the performance of AHB's work on Phases 2 and 3 of the Condominium. *Id.*, Exh. B.

While the Association and MacLean were negotiating a settlement of the defects, MacLean filed a lawsuit against AHB (and several other subcontractors) in King County Superior Court ("the Underlying Action"). *Id.*, ¶ 9. MacLean sued AHB for both breach

of contract and indemnity for MacLean's liability to the Association.  *Id.*  AHB tendered the defense of the Underlying Action to Charter Oak.

On April 17, 2004, Defendant sent AHB a "reservation of rights" letter.  Dkt. 88 at 34-36.  In that letter, Defendant's agent, Deveney Totten, included statements regarding the applicability of certain provisions of the insurance contract.  *Id.*  In her deposition, Ms. Totten admitted that she included statements regarding certain exclusions in the insurance contract even though she was not sure whether they were applicable to MacLean's claims against AHB.  Dkt. 88 at 16-19 ("I think that at the time I wrote this I wasn't sure whether that exclusion might apply or not apply, and I would rather include something.").  Ms. Totten was also asked "[c]an you think of any evidence that you know of that would support the application of exclusion J6 to AHB's claim."  *Id.* at 17.  Ms. Totten answered "[n]o."  *Id.*

On December 10, 2004, Defendant's agent, Jeff Belden, wrote another letter to AHB informing AHB of the policy limitations.  Dkt. 120 at 52-54.  In that letter, Mr. Belden stated that Defendant was in receipt of MacLean's "demand of $1,806,219.06 to [AHB]."  *Id.* at 52.  Mr. Belden cited the insurance contract "Limitation When Two or More Policies Apply" and concluded that "the most that would be available under [Defendant's] policies would be $1 million."  *Id.* at 52-53.

On March 3, 2005, MacLean and AHB executed a Settlement Agreement, Assignment of Rights and Covenant Not to Execute.  Landschulz Decl., Exh. E ("Settlement Agreement").  The amount of the Settlement Agreement was $1,806,219.06.  *Id.*  In addition, AHB assigned to MacLean all of its contractual and extra-contractual claims and causes of action against its liability insurers, including Charter Oak.  *Id.*  In return, MacLean agreed to enforce the Stipulated Judgment only against AHB's insurance companies.  *Id.*  On June 2, 2005, Superior Court Judge Paris Kallas entered a Judgment Summary of the Settlement Agreement.  Declaration of Michael J. Crisera ("Crisera Decl."), Dkt. 99 at 35.

In July 2007, MacLean noted a hearing date before the Superior Court to determine the reasonableness of the amount of the Settlement Agreement. *Id*. at 38. On July 23, 2007, Judge Kallas entered an order stating that "All claims against all parties have been finally resolved. Thus, [MacLean's] Motion for a Determination of Reasonableness is stricken." *Id*. at 40-41. Judge Kallas also stated that "The Federal District Court may hear and determine reasonableness of the settlement along with the related issue pending before the court." *Id*.

On June 10, 2008, Defendant filed a Motion for Partial Summary Judgment. Dkt. 116. On July 7, 2008, Plaintiff responded. Dkt. 145. On July 11, 2008, Defendant replied. Dkt. 151.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – *e.g.*, a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.      Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment on the following four issues:

> 1) Plaintiff claims that [Defendant's] reservation of rights was a misrepresentation under WAC 284-30-330. [Defendant] seeks a ruling that this statement as to certain exclusions that may apply was not a misrepresentation of an existing fact, and therefore not a violation of the insurance regulations.

> 2) Plaintiff claims a violation of the Washington Administrative Code for failure to attempt to settle when AHB's liability became reasonably clear. [Defendant] seeks a ruling that "liability is reasonably clear" under the insurance regulations means both the <u>fact</u> of liability and the <u>amount</u> of liability is reasonably clear. [Defendant] seeks a ruling that in this case the term means the settlement value of the case according to AHB's defense counsel.

> 3) Plaintiff argues that the scope of repair prepared for defense of the underlying claim was work product as to [Defendant]. [Defendant] seeks a ruling that it was entitled to obtain scope of repair in order to evaluate the amount of damages.

> 4) Plaintiff argues that the reservation-of-rights defense relieved the insured of any duty under the policy's terms to seek the insurer's consent to settlement. [Defendant] seeks a ruling that when an insured accepts the insurer's defense under a reservation of rights, the fact of the reservation of rights does not eliminate the insured's duty of cooperation and to obtain consent to settle.

Dkt. 116 at 2.

**Washington Consumer Protection Act**

Defendant's first two requests relate to Plaintiff's claims under the Washington Consumer Protection Act. Independent of whether an insurer must provide coverage, an insured may bring a claim for violation of the Washington Consumer Protection Act and bad faith. *Coventry Associates v. American States Ins. Co.*, 136 Wn.2d 269, 279 (1998) (an insurer's duty of good faith is separate from its duty to indemnify if coverage exists); *Anderson v. State Farm Mutual Ins. Co.*, 101 Wn. App. 323, 329 (2000) (an insurer owes a statutory duty of good faith to its insured). To prevail on a Consumer Protection Act claim, Plaintiff must show: (1) an unfair or deceptive practice; (2) in trade or commerce; (3) that impacts the public interest; (4) which causes injury to the party in his business or property; and (5) which injury is causally linked to the unfair or deceptive act. *Indus. Indem. Co. v. Kallevig*, 114 Wn.2d 907, 920-921 (1990). Failure to meet any one of these elements under the CPA is fatal to the claim. *Sorrel v. Eagle Healthcare*, 110 Wn. App. 290, 298, (2002).

An insured can show an unfair or deceptive practice that impacts the public interest by establishing a violation of the regulations related to unfair insurance company practices as set forth in the Washington Administrative Code Chapter 284-30, Unfair Claims Settlement Practices. *Dombrosky v. Farmers Ins. Co.*, 84 Wn. App. 245, 260 (1996). "The determinative question is reasonableness of the insurer's actions in light of all the facts and circumstances of the case." *Anderson*, 101 Wn. App. at 329-330 (citing *Kallevig*, 114 Wn.2d at 920). "[A] reasonable basis for denial of an insured's claim constitutes a complete defense to any claim that the insurer acted in bad faith or in violation of the Consumer Protection Act." *Dombrosky*, 84 Wn. App. at 260 (citing *Transcontinental Ins. Co. v. Wash. Pub. Util. Dists'. Util Sys.*, 111 Wn.2d (1988)). "[A]cts performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct violative of the consumer protection law." *Leingang v. Pierce County Medical Bureau*, 131 Wn.2d at 155, 930 P.2d 288.

### 1. Misrepresentation

Under the Washington Administrative Code, an insurer may not "misrepresent[] pertinent facts or insurance policy provisions." WAC 284-30-330(1). Moreover, under the regulation governing misrepresentation of policy provisions, "[n]o insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented." *Id*. 284-30-350(1).

Plaintiff claims that Defendant misrepresented the policy provisions of the insurance contract and the limits of the insurance contract in the reservation of rights letters that it sent to the insured, AHB. Dkt. 145 at 8-9. Plaintiff argues that Defendant's misrepresentation was unreasonable in light of the facts and circumstances of the case. *Id*.

First, Plaintiff argues that Defendant "unreasonably referenced exclusions in its reservation of rights letter [that Defendant] admits would not have actually applied to bar coverage." Dkt. 145 at 8. Plaintiff contends that the insurance adjuster who wrote the letter, Deveney Totten, "testified in deposition that she knew of no evidence to support the application of [two exclusions] that she included in her letter." *Id*. at 8-9 (citing Totten Decl. at 16-19, 42-43). Plaintiff points out that Ms. Totten stated that "she included the 'impaired' property exclusion" in order to be "over-inclusive." *Id*. at 9 (citing Trotten Decl. at 18 ("I think that at the time I wrote [the letter] I wasn't sure whether that exclusion might apply or not apply, and I would rather include something.")). In other words, Ms. Totten represented the fact that an exclusion may apply but failed to advance any representation that she had no factual basis for *why* that particular exclusion could apply.

Plaintiff argues that, based on the over-inclusiveness, Defendant misrepresented the policy provisions of the insurance contract and that the misrepresentation was a violation of the Washington regulations. Dkt. 145 at 9. Defendant counters that

misrepresentation requires a "false statement of an existing fact."  Dkt. 151 at 4 (citing *Shook v. Scott*, 56 Wn.2d 351, 355 (1960)).  It is important to note that the court in *Shook* was addressing the representation element of common law fraud and was not addressing the question of misrepresentation under the insurance regulations outlined in the Washington Administrative Code.  *See id*.  Moreover, common-law misrepresentation is a defense to a breach of contract claim and results in the contract being voidable by the recipient of the alleged misrepresentation.  *Yakima County (West Valley) Fire Protection Dist. No. 12 v. City of Yakima* 122 Wn.2d 371, 390 (1993); Restatement (Second) of Contracts § 159 (1981).  In this case, if Plaintiff were to successfully prove a common-law misrepresentation, then it would be entitled to void the insurance contract with Defendant.  It is unlikely that Plaintiff would desire the result of being uninsured.

Although not entirely on point for the facts of this case, Washington courts do recognize that non-disclosure of a material fact may also be a misrepresentation.  "A person's non-disclosure of a fact known to him is equivalent to an assertion that the fact does not exist . . . ."  *Brinkerhoff v. Campbell*, 99 Wn. App. 692, 698 (2000); Restatement (Second) of Contracts, § 161 (1981).  "But a person's silence does not amount to a failure to act in good faith absent an affirmative duty to disclose material facts."  *Id*.  An affirmative duty to disclose can arise where a special relationship of trust and confidence has been developed between the parties; where one party is relying upon the superior specialized knowledge and experience of the other; where a seller has knowledge of a material fact not easily discoverable by the buyer; and where there exists a statutory duty to disclose. *Favors v. Matzke*, 53 Wn. App. 789, 796, *review denied*, 113 Wn.2d (1989).  While not dispositive of this issue, it is important to note that AHB could have been relying on Ms. Totten's specialized knowledge of insurance policy provisions and that Defendant was under the statutory duty to "fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented."  *See supra*.  Informing AHB that a policy

exclusion may apply without *any* factual basis to support the representation could arguably be considered a misrepresentation of the insurance policy provisions. There appears, however, to be no Washington law on this issue.

Therefore, it seems that the question of whether an over-inclusion of policy provisions in a reservation of rights letter is a misrepresentation under the Washington Insurance Regulations is unresolved. What has been resolved by the Washington courts is that the determinative question is the "reasonableness of the insurer's actions in light of all the facts and circumstances of the case." *Anderson*, 101 Wn. App. at 329-330. The record has not been fully developed and the facts of the case have not been established. Moreover, for purposes of summary judgment, Plaintiff is entitled to the inference that Defendant's over-inclusiveness was unreasonable based on Ms. Totten's ignorance of fact that would invoke specific provisions of the insurance contract.

Second, Plaintiff argues that Defendant "materially misrepresented its limit of insurance." Dkt. 145 at 9. On December 10, 2004, Defendant's agent, Jeff Belden, wrote a letter to AHB informing AHB of the policy limitations. Dkt. 120 at 52-54. In that letter, Mr. Belden stated that "the most that would be available under [Defendant's] policies would be $1 million." This is a material representation. The representation, however, depends on unresolved material issues of fact including AHB work and the damages to the Condominiums. These questions of fact were the subject of earlier motions for summary judgment and are currently unresolved.

Therefore, the Court denies Defendant's request for summary judgment as a matter of law on Plaintiff's claim for misrepresentation under the Consumer Protection Act and the Washington Insurance Regulations because Plaintiff has established that material issues of fact exist regarding this claim.

## 2. **Reasonably Clear Liability**

Under Washington law, it is a violation of the insurance regulations to "not attempt[] in good faith to effectuate prompt, fair and equitable settlements of claims in

which liability has become reasonably clear." WAC 284-30-330(6). Defendant seeks a ruling that "reasonably clear" means the point at which "both the fact and amount of liability is reasonable clear." Dkt. 116 at 7. Defendant, however, has failed to cite any Washington State case that supports that proposition.

As mentioned, the determinative question is the "reasonableness of the insurer's actions in light of all the facts and circumstances of the case." *Anderson*, 101 Wn. App. at 329-330. The record has not been fully developed and the facts of the case have not been established. Once the facts are presented to the jury, it is within the province of the factfinder to determine whether Defendant's liability was reasonably clear and, if so, whether Defendant acted in good faith. Accordingly, Defendant has failed to show that it is entitled to judgment as a matter of law on this issue.

## C.    Work Product

Defendant requests that the Court rule that AHB's scope of repair and cost of repair were not work product as to Defendant during the underlying action. Dkt. 116 at 9. It is undisputed that Defendant sent AHB a reservation of rights letter and that AHB hired its own defense counsel, Steve Wraith, and expert, Jim Phillips. Mr. Phillips prepared a scope of repairs, Dkt. 116 at 32-34, and a scope of repair costs, *id*. at 35-37. Defendant requested these reports, but Mr. Wraith refused to deliver them, claiming work product protection. Dkt. 117 at 7-8.

Defendant argues that the documents were "prepared to defend against the claims being made against AHB" and that "[t]hey were not prepared for use in future coverage litigation with [Defendant]. . . ." Dkt. 116 at 10. Defendant concludes that because AHB and it had a common opponent and common interest in minimizing AHB's damages, the documents were not work product as to Defendant. Defendant, however, fails to cite any Washington State case supporting that proposition. In fact, as Plaintiff points out, such "commingling" is prohibited in Washington:

although no previous Washington case is precisely on point regarding experts, a rule prohibiting the use and manipulation of the insured's expert by the insurer can be easily extrapolated from the analogous rule dealing with attorneys. Under [*Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381 (1986)] it is presumed that insurers understand that an attorney hired by the insurer to defend the insured has only the insured for a client. *Id.* 105 Wash.2d at 388. We see no reason to treat an expert hired under similar circumstances differently. Both are hired to support the insured's defense. Both are hired at a time when the insurer clearly owes the insured a duty to not self-deal. Consequently, [Defendant] can not avoid the claim of bad faith based on "the presence of a res nova question of law . . . ."

*Ellwein v. Hartford Acc. and Indem. Co.*, 142 Wn.2d 766, 781-2 (2001) *overruled by*

*Smith v. Safeco Ins. Co.*, 150 Wn.2d 478 (2003).

Defendant has failed to show that it is entitled to judgment as a matter of law that AHB's expert's scope of work and the scope of repair were not work product as to Defendant. Therefore, the Court denies Defendant's motion for summary judgment on this issue.

**D.    Duty of Cooperation**

Defendant requests that "[t]he Court should rule as a matter of law that the mere fact of a reservation of rights does not eliminate the duty of cooperation." Dkt. 116 at 14. Plaintiff ignores this limited issue and argues that "[w]here an insurer defends under a reservation of rights, the policyholder may protect itself by accepting a settlement involving a 'covenant' judgment without the insurer's consent." Dkt. 145 at 24 (citing *Safeco Ins. Co. v. Butler*, 118 Wn.2d 383, 397 (1992). Plaintiff's argument goes well beyond the issue of whether Defendant's reservation of rights eliminated the cooperation provision of the insurance contract.

Although a reservation of rights by the insurer elevates the insurer's duty of good faith toward the insured, *Tank*, 105 Wn.2d at 386-88, it does not mean that the insured is relieved of the contractual duties to which they agreed. Plaintiff has provided no binding case law that contradicts this proposition. Therefore, the Court grants Defendant's motion for summary judgment that Defendant's reservation of rights letter did not eliminate the cooperation clause in the insurance contract.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion Partial for Summary Judgment (Dkt. 116) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 29th day of July, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge