UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,<br><br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>FIRST SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br>    Third-Party Defendant. | CASE NO. C06-1093BHS<br><br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant's Motion for Reconsideration of Order Granting Plaintiff's Motion for Summary Judgment Regarding Entitlement to Prejudgment Interest. Dkt. 170. The Court has considered the pleading filed in support of the motion and the remainder of the file and hereby denies Defendant's motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 3, 2006, Plaintiff MacLean Townhomes, LLC, filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance

ORDER – 1

Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1.

On March 3, 2005, MacLean and AHB executed a Settlement Agreement, Assignment of Rights and Covenant Not to Execute. Declaration of Chris Landschulz, Dkt. 57, Exh. E ("Settlement Agreement"). The amount of the Settlement Agreement was $1,806,219.06. *Id*. In addition, AHB assigned to MacLean all of its contractual and extra-contractual claims and causes of action against its liability insurers, including Charter Oak. *Id*. In return, MacLean agreed to enforce the Stipulated Judgment only against AHB's insurance companies. *Id*. On June 2, 2005, Superior Court Judge Paris Kallas entered a Judgment Summary of the Settlement Agreement. Declaration of Michael J. Crisera ("Crisera Decl."), Dkt. 99 at 35.

In July 2007, MacLean noted a hearing date before the Superior Court to determine the reasonableness of the amount of the Settlement Agreement. *Id*. at 38. On July 23, 2007, Judge Kallas entered an order stating that "All claims against all parties have been finally resolved. Thus, [MacLean's] Motion for a Determination of Reasonableness is stricken." *Id*. at 40-41. Judge Kallas also stated that "The Federal District Court may hear and determine reasonableness of the settlement along with the related issue pending before the court." *Id*.

On June 3, 2008, Plaintiff filed a Motion for Summary Judgment Regarding Entitlement to Prejudgment Interest. Dtk. 111. Plaintiff contended that "to the extent [it] obtains a recovery on its claim for indemnity coverage against Charter Oak, Charter Oak will be liable for prejudgment interest on the amount recovered calculated from the March 5, 2005 MacLean/AHB settlement date." *Id*. at 7. On June 23, 2008, Defendant responded. Dkt. 133. On June 27, 2008, Plaintiff replied. Dkt. 137.

ORDER – 2

On July 11, 2008, the Court granted Plaintiff's motion. Dkt. 150. On July 25, 2008, Defendant filed a Motion for Reconsideration of Order Granting Plaintiff's Motion for Summary Judgment Regarding Entitlement to Prejudgment Interest. Dkt. 170.

## II. DISCUSSION

As a threshold matter, by signing and presenting a pleading to the Court, an attorney is representing that the pleading is not being presented to "needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ." Fed. R. Civ. P. 11(b). It is questionable whether these standards have been met in this motion.

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). Defendant has failed to state the standard under which it asks for reconsideration. While it seems that Defendant simply disagrees with the Court's opinion, the Court will assume that Defendant is claiming that the Court committed "manifest error" in granting Plaintiff's motion for summary judgment.

Plaintiff's motion presented the issue of whether Plaintiff was entitled to prejudgment interest on the underlying MacLean/AHB settlement. *See* Dkt. 111. Under Washington law, prejudgment interest may be awarded when an amount claimed is liquidated. *Hansen v. Rothaus*, 107 Wn.2d 468, 472, 730 P.2d 662 (1986).

**A.  The Claim**

The "sole purpose of the covenant judgment [is] to serve as the presumptive measure of damages in a separate bad faith lawsuit." *Heights at Issaquah Ridge Owners Ass'n v. Derus Wakefield I, LLC*, --- P.3d --- (Wn. App. Div. 1, July 07, 2008) (quoting

ORDER – 3

*Werlinger v. Warner*, 126 Wn. App. 342, at 350-51 (2005)). That presumption will hold true "so long as the amount is reasonable and not the product of fraud or collusion." *Howard v. Royal Specialty Underwriting Inc.*, 121 Wn. App. 372, 375 (2004).

Under RCW 4.22.060, the trial court is required to hold a reasonableness hearing to determine the reasonableness of a settlement agreement among joint tortfeasors. *Glover v. Tacoma General Hosp.*, 98 Wn.2d 708, 711 (1983). That authority has been extended so that a "trial court ha[s] jurisdiction to conduct a reasonableness hearing on the settlement agreement between the insured and the claimant in [a] condominium construction defect case." *Villas at Harbour Pointe Owners Assoc. ex. rel. v. Mutual of Enumclaw Ins. Co.*, 137 Wn. App. 751, 760 (2007). It is undisputed that the Court should hold a reasonableness hearing on the MacLean/AHB settlement.

In *Glover*, the Washington Supreme Court set forth nine factors the court should consider to determine the reasonableness of a settlement between joint tortfeasors.[1] *Glover*, 98 Wn.2d at 717. In a recent opinion, the Washington Court of Appeals stated that "in construction defect cases which involve contractual obligations to indemnify . . . protecting the insurer from excessive judgments that are the product of collusion or fraud between the claimant and insured, is the main concern." *Heights at Issaquah Ridge*, ¶ 12 (citing *Besel v. Viking Ins. Co.*, 146 Wn.2d 730 (2002)). The court concluded that, "The remaining *Glover* factors, otherwise applicable in a tort case, are relevant here only to the extent they inform the questions of bad faith, collusion, and fraud." *Id*.

Regardless of what evidence an insurer may present at the reasonableness hearing, "[a] determination by the court that the amount to be paid is reasonable must be secured." RCW 4.22.060(1). If the court determines that the amount was not reasonable, then "the

---

[1] The releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion, or fraud; the extent of the releasing person's investigation and preparation of the case; and the interests of the parties not being released.

ORDER – 4

*claim* shall be reduced by an amount determined by the court to be reasonable." RCW 4.22.060(2) (emphasis added). However, a determination of unreasonableness "shall not affect the validity of the agreement between the released and releasing persons nor shall any adjustment be made in the amount paid between the parties to the agreement." RCW 4.22.060(3).

Therefore, Plaintiff, as assignor of the insured, has a presumptive amount of damages based on the Settlement Agreement against Defendant insurer in this bad faith action. Defendant argues that "[t]he settlement amount here is still subject to discretionary reduction by the [Court] in a statutory reasonableness hearing." The Court, however, has no statutory authority to either affect the validity of the settlement or reduce the settlement amount. The Court may only reduce the amount due on the "*claim*" by an amount determined to be reasonable.

**B.  Liquidated or Unliquidated**

The Washington Supreme Court addressed whether a claim is liquidated in *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25 (1968). In *Prier*, plaintiff sued for "damages arising out of the construction of an ice rink." *Id*. at 26. The plaintiff hired the defendant to construct a portion of the rink. *Id*. The plaintiff was only able to keep the ice rink open for seven months because of faulty construction. *Id*. at 27. The plaintiff arranged for necessary modifications to the rink and incurred over $36,000 in completing the modifications. *Id*. The plaintiff sued the defendant and argued that interest should be awarded from the date the repairs were completed. *Id*. at 28. The question of prejudgment interest was eventually appealed to the Washington Supreme Court. *Id*.

The court stated that "a 'liquidated' claim is a claim where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or *discretion*." *Id.* at 32 (citing C. McCormick, Damages (Hornbook Series) § 54 (1935) (emphasis added). In further explaining the application of this definition, the court quoted Professor McCormick as follows:

ORDER – 5

> Little or no difficulty is encountered by the courts, except when restrained by statute, in allowing interest as damages for the breach of an obligation to pay a sum of money Whose [sic] exact amount is fixed and known. Such an amount is termed a liquidated sum. Interest, as a rule, is payable for the detention of such a liquidated sum whether the duty to pay springs from a promise, or is one which is imposed by law apart from contract. This has been based upon the view that one who has had the use of money owing to another should in justice make compensation for its wrongful detention.
> * * *
> . . . the sum is still 'liquidated' according to what is believed to be the better view, although the sum is not fixed by agreement and although the facts upon which the claim is based may be disputed, and even though the adversary successfully challenges the amount and succeeds in reducing it.

*Id*. at 32-33.

The court stated that "[a]t no time after the date [of repairs] does it appear that the parties seriously disputed either the necessity for the modifications or the costs involved." *Id*. at 35. "Rather, the dispute was: (1) whether part of all of these costs should be bourne by plaintiff or by defendant . . . ." *Id*. The court held that "the existence of a dispute over part or all of a claim does not change the claim from a liquidated to an unliquidated one" and granted plaintiff's claim for prejudgment interest. *Id*.

In 1993, the Washington Court of Appeals addressed a similar question in an action concerning indemnification for a settlement in an underlying litigation. *King County v. Puget Sound Power & Light Co.*, 70 Wn. App. 58, (1993). In *Puget Sound*, the trial court held that the indemnity agreement at issue required defendant to fully reimburse plaintiff for plaintiff's prior settlement with a third party and ordered defendant to pay prejudgment interest from the date of the settlement. *Id*. at 60. Defendant appealed the award of prejudgment interest and argued "that the amount sought by [plaintiff] for its [prior settlement] was unliquidated . . . because [plaintiff's prior settlement] was recoverable only if reasonable in amount." *Id*. at 61. The appellate court stated that:

> the moment King County settled the underlying litigation . . . Puget Power could readily ascertain the actual amount expended by King County and, therefore, the exact amount of indemnity claimed by King County. Although the [underlying] negligence claim may have been unliquidated,

ORDER – 6

> the character of the underlying claim does not negate the fact that the amount sought by King County as indemnity was liquidated.
> Furthermore, *even though Puget Power could have challenged the amount of King County's settlement with [the underlying plaintiffs], this does not change the character of King County's claim from liquidated to unliquidated.* The Supreme Court noted in *Prier* that a claim for a definite sum due to the plaintiff is still liquidated: "although the facts upon which the claim is based may be disputed, and even though the adversary successfully challenges the amount and succeeds in reducing it . . . . *In short, it is the character of the claim and not of the defense that is determinative of the question whether an amount of money sued for is a 'liquidated sum.'*" (Emphasis in original.) 74 Wash.2d at 33, 442 P.2d 621 (quoting C. McCormick, Damages § 54 (1935)); *cf. Trustees of University of Pa. v. Lexington Ins. Co.*, 815 F.2d 890, 908 (3rd Cir.1987) (fact that insurer disputes reasonableness of insured's settlement with third party does not excuse it from obligation to pay prejudgment interest).
> Moreover, Puget Power did not contest the reasonableness of the amount sought by King County. Under these circumstances, it certainly cannot be said that the indemnity claim was unliquidated. *See Underwriters Subscribing to Lloyd's Ins. Cert. No. 80520 v. Magi, Inc.*, 790 F. Supp. 1043, 1057 (E.D.Wash.1991) (where insurer did not dispute proof of loss submitted by insured, but denied coverage under the terms of the policy, claim was liquidated because recourse to the proof of loss allowed computation of claim without reliance on opinion or discretion). Accordingly, we hold that the trial court's award of prejudgment interest was proper.

*Id*. at 62-63 (emphasis added).

In Defendant's first attempt at distinguishing *Puget Sound*, it argued that "Puget Power had stipulated at trial to the settlement's reasonableness." Dkt. 133 at 3 (summary judgment response). Defendant concluded that this case was distinguishable because "[t]here is no agreement to reasonableness here." *Id*. The Court found Defendant's argument unpersuasive stating that "[a]s cited above, the court in *Puget Sound* specifically addressed and rejected that possibility." Dkt. 150 at 6 (referring to the possibility that Defendant *could have* challenged the reasonableness of the settlement).

In Defendant's second attempt to distinguish *Puget Sound*, it argues that Puget Power's stipulation to the reasonableness of the settlement was the "*sine qua non* of the holding." Dkt. 170 at 2 (motion for reconsideration). Defendant's argument is again unpersuasive. In *Puget Power*, the court found, in the following order, that: (1) the defendant could ascertain the exact amount of the indemnity "at the moment [the

ORDER – 7

plaintiff] settled the underlying litigation;" (2) the fact that the defendant could have challenged the underlying settlement did not change the character of the claim; and (3) because the defendant did not contest the reasonableness of the amount sought, "it cannot be said that the indemnity claim was unliquidated." *See supra*. Based on the third part of that opinion, Defendant argues that this Court committed manifest error by failing to recognize "a matter of logical consistency": How can the Court accept a principal amount for the purpose of calculating interest while not accepting the principal amount itself? Dkt. 170 at 2.

Defendant's reliance on the third paragraph of *Puget Sound* is misplaced. If the Court were to accept the proposition that the stipulation to the underlying settlement was the crux of the *Puget Sound* holding, it would have to consider as merely dicta that court's application of the Washington Supreme Court holding in *Prier*. *See supra*. Moreover, *Puget Sound* considered the indemnity claim "liquidated" before it advanced any opinion whether the circumstances regarding the reasonableness of the claim would make that claim "unliquidated." A fair reading of *Puget Power* indicates that the defendant's decision not to contest the reasonableness of the settlement only supported the finding that the claim was liquidated. Defendant's argument that the stipulation to the reasonableness of the underlying settlement was the "*sine qua non*" of the holding in *Puget Sound* is without merit.

Furthermore, Defendant's arguments that rely on *Prier* are also unpersuasive. Defendant claims that "[i]n *Prier*, the Washington Supreme Court explained that 'liquidated' means possible to compute the amount with exactness, *without reliance on opinion or discretion*." Dkt. 170 at 3 (emphasis in original). Defendant argues that "the final amount of settlement is still dependant upon the court's discretion" given the Court's statutory authority to rule on the reasonableness of the settlement. *Id*. This Court has *no* authority to reduce the amount paid between the parties of the underlying settlement. Thus, the final amount of the settlement has been determined. Defendant

ORDER – 8

may raise defenses to the presumptive amount of damages, but that has nothing to do with whether they are able to determine the exact amount that the insured was obligated to tender.

Finally, as stated in *Prier*, the award of prejudgment interest "has been based upon the view that one who has had the use of money owing to another should in justice make compensation for its wrongful detention." *Prier*, 74 Wn.2d at 32. Even if Defendant is successful in reducing the amount of damages to what it considers to be a reasonable sum, there is no reason why Plaintiff should not be entitled to interest on that amount. Plaintiff should not bear the burden of the insured tendering a reservation of rights' defense and/or any failure of cooperation between an insured and its insurer.

Therefore, Defendant has failed to show that the Court committed manifest error in granting Plaintiff's Motion for Summary Judgment Regarding Entitlement to Prejudgment Interest.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration (Dkt. 170) is **DENIED**.

DATED this 11th day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge