UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,<br><br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>FIRST SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br>    Third-Party Defendant. | CASE NO. C06-1093BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR SANCTIONS |

This matter comes before the Court on the Court's Order to Show Cause. Dkt. 168. The Court has considered the pleadings filed in support of and in opposition to the order and the remainder of the file and hereby grants in part and denies in part Plaintiff's request for sanctions for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On August 3, 2006, Plaintiff MacLean Townhomes, LLC filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract

ORDER – 1

between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1.

On December 18, 2007, the Court issued a scheduling order requiring discovery to be completed by May 12, 2008. Dkt. 63. On May 8, 2007, Mark Thorsrud of the law firm of Thorsrud Cane & Paulich appeared in this action for Defendant. Dkt. 28.

On July 27, 2007, the parties exchanged their initial disclosures. Second Declaration of Michael J. Crisera ("Second Crisera Decl."), Dkt. 127, Exh. C. In its initial disclosures, Defendant did not list Mr. Thorsrud as a potential fact witness. *Id*. Plaintiff asserts that:

> at no time before the May 12, 2008 discovery cut-off date in this case did Charter Oak seek to amend its initial disclosures to list Mr. Thorsrud as a potential fact witness. Moreover, at no time prior to the discovery cut-off did Charter Oak ever indicate it believed Mr. Thorsrud should be a witness in the matter, even though Charter Oak now claims Mr. Thorsrud is a "witness" to events occurring in 2004.

Dkt. 126 at 2.

On June 2, 2008, the law firm of Cole Lether Wathen & Leid, PS, associated as counsel for Defendant and appeared in this action. Dkt. 110. Defendant's counsel claims that he informed Plaintiff's counsel on June 3, 2008, that Mr. Thorsrud would be a potential fact witness. Declaration of Thomas Lether, Dkt. 140 ¶ 2. Defendant's counsel also claims that he has repeatedly advised Plaintiff's counsel that Mr. Thorsrud would be available for a deposition at Plaintiff's convenience. *Id*. ¶ 5.

On June 13, 2008, Plaintiff filed a Motion to Strike Defendant's Supplemental Witness Disclosure. Dkt. 126. On July 22, 2008, the Court denied Plaintiff's motion allowing Defendant to use Mr. Thorsrud as a fact witness. Dkt. 168. The Court also ordered Defendant to show cause why sanctions should not be imposed for Defendant's late disclosure. *Id*. On August 1, 2008, Defendant filed a brief in response to the order to show cause. Dkt. 174. On August 6, 2008, Plaintiff responded. Dkt. 175. On August 8, 2008, Defendant replied. Dkt. 176.

ORDER – 2

## II. DISCUSSION

**A. Show Cause**

Fed. R. Civ. Pro. 37(c)(1) provides, in part, as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

Defendant has violated Rule 26 and, therefore, is subject to sanctions under Rule 37. *See* Dkt. 168. Defendant asserts that it took actions to correct its violation and that Plaintiff is compounding the issue with multiple pleadings. Dkt. 174 at 2. Defendant argues that sanctions are not appropriate because Plaintiff could have mitigated the late disclosure of Mr. Thorsrud by not only immediately taking his deposition but also cooperating to determine the scope of discovery regarding Mr. Thorsrud. *Id.*; *see also* Dkt. 177 (Defendant's response to Plaintiff motion for subpoena). Defendant, however, concedes that it will pay for five hours of Plaintiff's counsel's fees and costs in conducting Mr. Thorsrud's deposition. Dkt. 174 at 3.

Plaintiff argues that "the Court should award [it] (1) the attorneys' fees and costs it will incur to prepare for and take Mr. Thorsrud's deposition; and (2) the attorneys' fees and costs [Defendant] has, and will continue to incur to compel production of documents from Mr. Thorsrud's firm Thorsrud Cane & Paulich." Dkt. 175 at 2.

The parties have over pleaded what is arguably a simple matter. Defendant has not shown cause why sanctions should not be imposed. Defendant has made a mistake and the rules of federal procedure give the Court authority to determine the appropriate remedy for that mistake. The Court has already ruled that witness preclusion is not appropriate given the time to conduct the necessary additional discovery. *See* Dkt. 168. Defendant, however, should be responsible for the costs of that *necessary* discovery.

1  Therefore, the Court orders that Defendant shall pay the reasonable expenses, including
2  attorney's fees, caused by its failure to comply with Rule 26.

3  The Court cannot determine what are the reasonable expenses based on the parties'
4  continuing inability to cooperate. Plaintiff's costs on the underlying motion to strike and
5  its costs of deposing Mr. Thorsrud are most likely reasonable. Defendant's cooperation
6  shall be taken into consideration when determining what expenses that both have been
7  and may be incurred are reasonable in light of the facts and circumstances involving Mr.
8  Thorsrud. If the parties are unable to determine what fees are reasonable, Plaintiff may
9  submit a bill of costs once discovery regarding Mr. Thorsrud has been completed. The
10 Court is hopeful that the parties can solve this matter without further Court involvement.

**B.      Defendant's use of Mr. Thorsrud**

Plaintiff claims that Defendant "incorrectly asserts that the Court has allowed Mr. Thorsrud to testify at the parties' reasonableness hearing." Dkt. 175 at 3. In its response to the underlying motion to strike, Defendant specifically stated that "it is respectfully requested that the Court allow Mr. Thorsrud to testify if necessary at trial and that Plaintiff be given an opportunity to take his deposition in advance of trial regardless of the pending discovery cut-off." Dkt. 138 at 11-12. In its reply to the order to show cause, Defendant states that "[i]t was [Defendant's] understanding that given the Court's ruling Mr. Thorsrud would be allowed to testify both at trial and in the reasonableness hearing." Dkt. 176 at 2.

Under Rule 37, the Court may preclude a witness from testifying "at a hearing, or at a trial." *See supra*. Plaintiff's argument regarding preclusion of Mr. Thorsrud at the reasonableness hearing is unpersuasive. Defendant disclosed Mr. Thorsrud as a witness on June 3, 2008. Plaintiff has had ample time to conduct discovery on Mr. Thorsrud. Defendant should not be held liable for Plaintiff's choice to settle this discovery dispute through multiple pleadings instead of amicable agreements. Moreover, Defendant claims that Mr. Thorsrud's testimony will be sufficiently limited. *See* Dkt. 174 at 1-3.

ORDER – 4

Therefore, the Court denies Plaintiff's request that Mr. Thorsrud be precluded from testifying at the reasonableness hearing.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's request for sanctions is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 18th day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge