UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,<br><br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>FIRST SPECIALTY INSURANCE COMPANY, a foreign insurance company,<br><br>    Third-Party Defendant. | CASE NO. C06-1093BHS<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO DISMISS THIRD-PARTY COMPLAINT, GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE, AND DENYING DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF MARK LAWLESS |

    This matter comes before the Court on Third-Party Defendant's Motion for Summary Judgment to Dismiss Third-Party Complaint (Dkt. 123) and Defendant's motions to strike (Dkts. 141 and 153). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Third-Party Defendant's motion, grants Defendant's motion to strike Plaintiff's

ORDER – 1

response, and denies Defendant's motion to strike the testimony of Mark Lawless for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 3, 2006, Plaintiff MacLean Townhomes, LLC filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1. On November 27, 2007, Defendant filed an amended answer that included a third-party complaint against Third-Party Defendant First Specialty Insurance Company. Dkt. 52.

It is uncontested that Third-Party Defendant settled with both Plaintiff and assignor AHB. *See* Dkt. 122-2 at 2-9. As part of that settlement, Plaintiff agreed to defend and indemnify Third-Party Defendant against claims of third parties and Third-Party Defendant agreed not to assert claims against other insurers. *Id*. at 5-6 (¶¶ 3.2(b) and 3.3).

On June 11, 2008, Third-Party Defendant filed a Motion for Summary Judgment to Dismiss Third Party Complaint. Dkt. 123. On July 7, 2008, Third-Party Plaintiff responded (Dkt. 141) and Plaintiff responded (Dkt. 144). In its response, Defendant included a motion to strike the testimony of Mark Lawless. Dkt. 141 at 2-6. On July 11, 2008, Defendant moved to strike Plaintiff's response (Dkt. 153) and Third-Party Defendant replied to its motion (Dkt. 155).

## II. DISCUSSION

**A.   Defendant's Motion to Strike Plaintiff's Response**

Defendant moves to strike Plaintiff's response to Third-Party Plaintiff's Motion for Summary Judgment (Dkt. 144) because Defendant claims that it is an untimely dispositive motion and that it is incorrectly noted. Dkt. 153. In its pleading, Plaintiff

ORDER – 2

requests that the Court "dismiss [Defendant's] derivative contribution claim against MacLean/AHB." Dkt. 144 at 6. This is a request for partial summary judgment. The Court ordered that all dispositive motions shall be filed by June 11, 2008. Dkt. 130. Moreover, Plaintiff improperly noted its motion pursuant to Local Rule 7(d). Therefore, Defendant's Motion to Strike Plaintiff's pleading is granted.

**B.     Defendant's Motion to Strike the Testimony of Mark Lawless**

Defendant moves to strike the testimony of Mark Lawless because it is not competent. Dkt. 141 at 2. Mr. Lawless declared as follows:

> The defects in this siding installation would have begun trapping water behind the buildings' envelopes after AHB and its subcontractor completed these phases. As a result, damage to the underlying wood framing and sheathing likely began in early 2000 for phase 2, and fall 2000 for phase 3, and progressed continuously until it was repaired.

Dkt. 58, ¶ 13. Defendant argues that Mr. Lawless's opinion does not comply with either Rule 702 of the Federal Rules of Evidence or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

For the purposes of this motion, the Court does not rely on this evidence. Therefore, the Court denies Defendant's motion to strike.

**C.     Third-Party Defendant's Summary Judgment Motion**

Third-Party Defendant moves for summary judgment and requests dismissal of Third-Party Plaintiff's claim for contribution. Dkt. 123 at 12.

**1.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole,

ORDER – 3

could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – *e.g.*, a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Issues of Fact

Third-Party Defendant argues that it is entitled to summary judgment because Third-Party Plaintiff "has not raised any question of fact" regarding the issue presented. Dkt. 155 at 6. The Court, however, may only grant summary judgment if there is no genuine issue as to any material fact *and* that the movant is entitled to judgment as a matter of law. *See supra*. Therefore, the absence of any issue of fact is not dispositive.

### 3. Contribution Claim

Washington public policy strongly favors the settlement of disputes. *See e.g., City of Seattle v. Blume*, 134 Wn.2d 243, 258-259 (1997); *Seafirst Center Ltd. Partnership v. Erickson*, 127 Wn.2d 355, 365 (1995); *Kirk v. Moe*, 114 Wn.2d 550, 554-55 (1990). Federal courts also have a strong interest in facilitating settlement before trial; "Since it obviously eases crowded court dockets and results in savings to the litigants and the judicial system, settlement should be facilitated at as early a stage of the litigation as possible." Fed. R. Civ. P. 16(c), Advisory Committee Notes.

The Washington Court of Appeals recently upheld a trial court's entry of a bar to any claim of contribution from settling defendants. *See Puget Sound Energy v. Certain Underwriters at Lloyd's, London*, 134 Wn. App. 228 (2006). The court stated that "[w]hile Washington case law is silent on the issues surrounding the contribution bar order issued in this case, other courts, including the Ninth Circuit, have addressed similar issues in applying federal law and have endorsed the practice of issuing contribution bar orders in multiparty, complex litigation contexts." *Id*. at 250. "However, the question still remains: In the event that the contribution bar order is issued, how are the rights of the non-settling insurers such as [defendant] to be adequately protected?" *Id*. at 250. The court concluded that the non-settling defendant is protected by establishing at trial an "offset" to the remaining claims. *Id*. The court noted that "quantifying the unquantifiable and allocating what is not yet able to be allocated is an impossible task, but it is one the [Washington] Supreme Court has assigned to insurers such as [defendant] as an incentive for them to settle their claims." *Id*. at 247.

In this case, an issue before the Court is Third-Party Defendant's failure to condition its settlement upon the state trial court's entry of a claim bar order. *See* Dkt. 123 at 3. Third-Party Plaintiff argues that Third-Party Defendant sufficiently "protected itself with the indemnity and hold harmless" portions of the settlement agreement. Dkt. 141 at 9. Third-Party Defendant counters that "[i]t should not be fatal to the finality of [its] settlement that it did not take the extra step of obtaining a claim bar order in 2005."

ORDER – 5

Dkt. 123 at 10.  While it seems that a claim bar and an "indemnity and hold harmless" agreement are functionally equivalent, the Court is unaware of any law stating that they are procedurally equivalent.  Nonetheless, the facts of this case warrant dismissal of Third-Party Defendant because a settlement should render finality and the settling party should avoid the costs and risks of further litigation.  The entry of a bar order is wholly within the realm of the court's authority to encourage settlement. *See, e.g., Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225, 1229 (9th Cir. 1989).

Third-Party Plaintiff argues that Third-Party Defendant may be liable for "a single continuous occurrence" that started during Third-Party Plaintiff's policy period and continued into Third-Party Defendant's policy period.  This hypothetical situation, however, is specifically excluded by Third-Party Defendant's policy.  Dkt. 122 at 9 (exclusion for property damage that occurred or was in the process of occurring prior to inception date of policy).  Thus, Third-Party Defendant is only liable for damage that occurred after Third-Party Plaintiff's policy had expired.  Third-Party Plaintiff's argument is without merit.

Finally, Third-Party Plaintiff argues that "claim bars are not granted without protecting the rights of the non-settling insurers . . . ."  Dkt. 141 at 9.  Third-Party Plaintiff is entitled to its day in court and may prove its share of liability relative to the settling defendant.  As the trial court in *Puget Sound* stated "it will await another order to determine whether plaintiff or non-settling defendant[], or a combination of the two will absorb any loss from an inadequate settlement."  134 Wn. App. at 249.  Third-Party Plaintiff's interest are sufficiently protected by its ability to prove proportionate liability at trial.  Therefore, the Court grants Third-Party Defendant's motion for summary judgment dismissing Third-Party Plaintiff's complaint.

### III. ORDER

Therefore, it is hereby

ORDER – 6

| | |
|---|---|
| 1 | **ORDERED** that Third-Party Defendant's Motion for Summary Judgment to |
| 2 | Dismiss Third-Party Complaint (Dkt. 123) is **GRANTED** and Third-Party Plaintiff's |
| 3 | claim is dismissed. Defendant's Motion to Strike the Testimony of Mark Lawless (Dkt. |
| 4 | 141) is **DENIED**. Defendant's Motion to Strike Plaintiff's response (Dkt. 153) is |
| 5 | **GRANTED**. |
| 6 | DATED this 18th day of August, 2008. |

BENJAMIN H. SETTLE
United States District Judge