UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,

Plaintiff,

v.

CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,

Defendant

CASE NO. C06-1093BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO ISSUE SUBPOENA TO THORSRUD CANE & PAULICH

This matter comes before the Court on Plaintiff's Motion for Leave to Issue Subpoena to Thorsrud Cane & Paulich. Dkt. 172. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 3, 2006, Plaintiff MacLean Townhomes, LLC, filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt. 56 at 1.

On December 18, 2007, the Court issued a scheduling order requiring discovery to be completed by May 12, 2008. Dkt. 63. On May 8, 2007, Mark Thorsrud of the law firm of Thorsrud Cane & Paulich appeared in this action for Defendant. Dkt. 28.

ORDER – 1

On July 27, 2007, the parties exchanged their initial disclosures. Second Declaration of Michael J. Crisera ("Second Crisera Decl."), Dkt. 127, Exh. C. In its initial disclosures, Defendant did not list Mr. Thorsrud as a potential fact witness. *Id.* Plaintiff asserts that:

> at no time before the May 12, 2008 discovery cut-off date in this case did Charter Oak seek to amend its initial disclosures to list Mr. Thorsrud as a potential fact witness. Moreover, at no time prior to the discovery cut-off did Charter Oak ever indicate it believed Mr. Thorsrud should be a witness in the matter, even though Charter Oak now claims Mr. Thorsrud is a "witness" to events occurring in 2004.

Dkt. 126 at 2.

On June 2, 2008, the law firm of Cole Lether Wathen & Leid, PS, associated as counsel for Defendant and appeared in this action. Dkt. 110. Defendant's counsel claims that he informed Plaintiff's counsel on June 3, 2008, that Mr. Thorsrud would be a potential fact witness. Declaration of Thomas Lether, Dkt. 140 ¶ 2. Defendant's counsel also claims that he has repeatedly advised Plaintiff's counsel that Mr. Thorsrud would be available for a deposition at Plaintiff's convenience. *Id.* ¶ 5.

On June 13, 2008, Plaintiff filed a Motion to Strike Defendant's Supplemental Witness Disclosure. Dkt. 126. On July 22, 2008, the Court denied Plaintiff's motion allowing Defendant to use Mr. Thorsrud as a fact witness. Dkt. 168.

On July 31, 2008, Plaintiff filed a Motion for Leave to Issue Subpoena to Thorsrud Cane & Paulich. Dkt. 172. On August 11, 2008, Defendant responded. Dkt. 177. On August 15, 2008, Plaintiff replied. Dkt. 180.

## II. DISCUSSION

As a threshold matter, Defendant has produced some of the material requested in Plaintiff's proposed subpoena. *See* Dkt. 177-2, Declaration of Thomas Lether, ¶¶ 2-4. The remaining issue before the Court is whether Defendant must produce documents withheld because the material contains attorney-client communications involving Mr. Thorsrud. *Id.* ¶ 6.

ORDER – 2

Plaintiff argues that (1) Defendant may not assert attorney-client protection for materials that were generated or obtained while Mr. Thorsrud was acting as a claims investigator and (2) Defendant's offering of Mr. Thorsrud's testimony waives the attorney-client privilege. Dkt. 172 at 7-12.

Under the *Erie* doctrine, a federal court sitting in diversity applies federal procedural law and the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). The attorney-client privilege, as a substantive evidentiary privilege, is governed by state law. *See* Fed. R. Evid. 501; *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007).

In Washington, an attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment. RCW 5.60.060. It protects only communications and advice between attorney and client in the context of a professional relationship involving the attorney as an *attorney*, not documents that are prepared for some other purpose. *See, e.g., Schmidt v. California State Auto. Ass'n*, 127 F.R.D. 182, 183 (D. Nev. 1989); *Kammerer v. W. Gear Corp.*, 96 Wn.2d 416, 421 (1981). The burden of establishing privilege rests on the party asserting it. *VersusLaw, Inc. v. Stoel Rives, LLP*, 127 Wn. App. 309, 332 (2005).

**A.      Mr. Thorsrud's Involvement in the Underlying Claim Investigation**

Plaintiff claims that "the record reflects that [Defendant] used Mr. Thorsrud to seek information from AHB for the purposes of assisting [Defendant's] coverage investigation." Dkt. 180 at 2. Specifically, Plaintiff assert the following:

> Mr. Thorsrud's declaration demonstrates that he was involved on [Defendant's] behalf in requesting documents from AHB for [Defendant's] coverage investigation and mediation preparation, and that Mr. Thorsrud's firm took delivery of documents produced by AHB in response to the document requests made by [Defendant's] coverage adjuster Jeff Belden.

ORDER – 3

Dkt. 172 at 8. Plaintiff's characterization of Mr. Thorsrud's involvement is contradicted by both the record and Mr. Thorsrud's declaration in opposition to this motion.

The exhibits cited by Plaintiff show that Mr. Thorsrud was preparing for an adversarial proceeding when he was requesting documents relating to the claims and the damages. *See* Dkt. 139-3, Exh. 7-11. In fact, Mr. Thorsrud was preparing for mediation of the underlying litigation. *Id*. Moreover, Mr. Thorsrud states that he was hired as a coverage attorney and obtained information only for the purpose of providing legal advice. *See* Dkt. 177-4, Declaration of Mark Thorsrud, ¶¶ 3-7.

Defendant has establish that Mr. Thorsrud was acting as an attorney in preparing for the particular mediation in question. Therefore, to the extent that Plaintiff's motion seeks the production of communications because Mr. Thorsrud was acting as a claims investigator, Plaintiff's motion is denied. Mr. Thorsrud may assert the attorney-client privilege to protect documents regarding this issue.

**B.     Waiver**

In Washington, "offering an attorney's testimony concerning matters learned in the course of his employment waives the attorney-client privilege." *Kammerer v. Western Gear Corp.*, 96 Wn.2d 416, 420 (1981).

Defendant has disclosed that "Mr. Thorsrud may be asked to testify in regard to his role as coverage counsel and efforts to resolve the subject underlying claim." Dkt. 177-3 at 2 (supplemental witness disclosure). Defendant has represented that Mr. Thorsrud's testimony should not extend beyond his June 26, 2008 declaration. Dkt. 138 at 11. In that declaration, Mr. Thorsrud states facts that occurred from November 2004 to January 2005. *See* Dkt. 139, ¶¶ 3-14. Mr. Thorsrud also makes conclusions that Defendant was unable to prepare for and participate in the mediation of the underlying lawsuit because AHB withheld material from Defendant. *Id*. Defendant's preparation for that mediation would most likely involve matters that Mr. Thorsrud learned in the course of his employment for Defendant.

Plaintiff claims that

> There is no way Mr. Thorsrud could provide this testimony about [Defendant] as a fact witness unless his testimony derives from communication he had with [Defendant] concerning (1) [Defendant's] investigation into AHB's insurance claim; (2) [Defendant's] preparations for the AHB/MacLean mediation; and (3) AHB's alleged non-cooperation with [Defendant] and the resulting prejudice suffered by [Defendant].

Dkt. 180 at 4. The Court agrees. Defendant's argument that Mr. Thorsrud's "proposed testimony has nothing whatsoever to do with Mr. Thorsrud's communications with [Defendant]" is unsupported both by the record and by Defendant's own representation as to the scope of Mr. Thorsrud's testimony.

Defendant's intent to call its attorney is sufficiently definite to constitute waiver of the attorney-client privilege even if Defendant elects not to call Mr. Thorsrud as a witness at the reasonableness hearing or at trial. *See Kammerer*, 96 Wn.2d at 420. Moreover, Defendant's waiver cannot be delayed until either of those proceedings. *Id.* (citing *Phipps v. Sasser*, 74 Wn.2d 439 (1968)).

Therefore, Plaintiff's request for documents that have been withheld based on an assertion of the attorney-client privilege is granted because Defendant has waived this protection by offering the testimony of its attorney Mr. Thorsrud. Defendant is ordered to produce any document withheld because of attorney-client privilege that relates to Mr. Thorsrud's "role as coverage counsel and efforts to resolve the subject underlying claim."

Defendant notes that the trial court has discretion to conduct an *in camera* inspection of the documents that it has withheld. Dkt. 177 at 6-7 (citing *Escalante v. Sentry Insurance*, 49 Wn. App. 375 (1987)). Defendant states, however, "that the real question in this case with respect to these documents and/or communications will not be answered by way of an *in camera* review." Dkt. 177 at 9. Although Defendant's "real question" has been answered, the Court will allow such an inspection. This exercise of discretion shall not be used as a delay tactic for the production of these documents. Defendant shall deliver documents to the Court no later than August 28, 2008 at 5:00 P.M.

ORDER – 5

## C. Richard Dykstra's File

Defendant claims that if the attorney-client privilege is waived as to Mr. Thorsrud, then it should likewise be waived as to AHB's former counsel Richard Dykstra. Dkt. 177 at 9. It should be noted that Defendant asks for relief from the Court without following the proper procedures outlined in Local Rule 7. For this reason, Defendant's request may be stricken. The Court, however, will briefly address this issue.

Plaintiff claims that it will not offer Mr. Dykstra in its case in chief at either the reasonableness hearing or the trial. Dkt. 180 at 5-6. The above authorities for attorney-client waiver do not apply to rebuttal testimony. And, even if they did, it would be illogical to order that waiver before the testimony was offered.

Therefore, Defendant's request is denied.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Issue Subpoena to Thorsrud Cane & Paulich (Dkt. 172) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 25th day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 6