UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MACLEAN TOWNHOMES, LLC, a
Washington limited liability company, as
assignee of American Heritage Builders, a
Washington corporation,

  Plaintiff,

  v.

CHARTER OAK FIRE INSURANCE
CO., a foreign insurance company,

  Defendant.

CASE NO. C06-1093BHS

ORDER RE: PRESUMPTIVE
MEASURE OF DAMAGES

This matter comes before the Court on the parties' request for a clarification regarding the damages on Plaintiff's bad faith claim. The Court has considered the pleadings filed in support of each party's position and the remainder of the file and hereby finds that the reasonable settlement amount is the presumptive measure of damages on Plaintiff's bad faith claim.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 3, 2006, Plaintiff MacLean Townhomes, LLC filed a complaint for declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance Co. Dkt. 1. Plaintiff's claims are based on the assignment of an insurance contract between assignor American Heritage Builders (AHB) and Defendant Charter Oak. Dkt.

ORDER – 1

56 at 1. One of Plaintiff's claims is that Charter Oak acted in bad faith with respect to AHB's claims for indemnity. Dkt. 1, ¶¶ 46-49.

On March 3, 2005, MacLean and AHB executed a Settlement Agreement, Assignment of Rights and Covenant Not to Execute ("MacLean/AHB settlement"). Declaration of Chris Landschulz ("Landschulz Decl."), Dkt. 57, Exh. E. The amount of that settlement was $1,806,219.06. *Id*.

On September 9-12, 2008, the Court held a hearing to determine whether the MacLean/AHB settlement was reasonable. Dkts. 216-220. On September 18, 2008, the Court concluded that Plaintiff had failed to show that the settlement was reasonable and reduced the settlement amount by $606,219.06. Dkt. 226.

On October 9, 2008, the Court held a pretrial conference and the parties disagreed as to whether the reduced settlement amount determined by the Court to be reasonable is the presumptive measure of damages for Plaintiff's bad faith claim against Charter Oak. Dkt. 258.

## II. DISCUSSION

Defendant argues that "if plaintiff establishes bad faith, it is entitled only to the damages it can prove were proximately caused by bad faith . . . ." Dkt. 262 at 6. The Washington Supreme Court, however, has held that:

> the amount of a covenant judgment is the presumptive measure of an insured's harm caused by an insurer's tortious bad faith if the covenant judgment is reasonable under the [*Chaussee v. Maryland Casualty Co.*, 60 Wn. App. 504 (1991)] criteria. This approach promotes reasonable settlements and discourages fraud and collusion. Furthermore, using the amount of a covenant judgment to measure tort damages in this context makes sense in light of our long standing requirement that such settlements be reasonable. If a reasonable and good faith settlement amount of a covenant judgment does not measure an insured's harm, our requirement that such settlements be reasonable is meaningless. Finally, the *Chaussee* criteria protect insurers from excessive judgments especially where, as here, the insurer has notice of the reasonableness hearing and has an opportunity to argue against the settlement's reasonableness.

ORDER – 2

*Besel v. Viking Ins. Co. of Wisconsin*, 146 Wn.2d 730, 738-39 (2002)[1].

Defendant contends that this authority is distinguishable on the basis of how the covenant judgment was determined to be reasonable. In *Besel*, the trial court found that the amount of the actual covenant judgment was reasonable. *Besel*, 146 Wn.2d at 739. In this case, the Court concluded that Plaintiff has failed to prove that the MacLean/AHB settlement was reasonable and reduced the settlement by a reasonable amount. Dkt. 226. Defendant cites *Werlinger v. Warner*, 126 Wn. App. 342 (2005), for the proposition that "if the amount of a covenant judgment is found unreasonable, there is no presumptive measure of damages and the plaintiff is entitled to only the damages it can prove were proximately caused by the bad faith." Dkt. 262 at 2.

In *Warner*, the trial court determined that the covenant judgment was unreasonable. *Warner*, 126 Wn. App. at 347. The plaintiffs appealed that decision and the Washington Court of Appeals, Division I, upheld the trial court. *Id*. at 352. The Court of Appeals stated that "[i]n the event that the bad faith claim against [defendant's insurance company] is found to be viable, this decision does not preclude [plaintiffs] from proving [the insured's] damages **in the ordinary way**. *See Anderson v. State Farm*, 101 Wn. App. 323, 333, 2 P.3d 1029 (2000)." *Id*. at 351-52 (emphasis added).[2] Defendant claims that the phrase "in the ordinary way" means something other than a presumptive measure of damages. Dkt. 262 at 4-6. While this question has not directly been addressed by the Washington courts, they have provided some guidance on this issue.

---

[1] The *Chaussee* criteria are: the releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion, or fraud; the extent of the releasing person's investigation and preparation of the case; and the interests of the parties not being released. *Chaussee*, 60 Wn. App. at 512.

[2] In *Anderson*, the appellate court reversed the trial court's dismissal of plaintiff's bad faith claim against plaintiff's insurer. *Anderson*, 101 Wn. App. at 339. The appellate court stated that "[t]he amount of damages caused by [the insured's bad faith] remains to be determined at trial." *Id*.

In *Meadow Valley Owners Ass'n v. St. Paul Fire & Marine Ins. Co.*, 137 Wn. App. 810 (2007), the Washington Court of Appeals, Division I, considered the effect of its prior ruling in *Warner* on a settlement amount that the trial court had determined to be unreasonable. *Id*. at 821-22. The trial court found that "the $2.4 million attorney fee amount was unreasonable but $1.6 million would be reasonable." *Id*. at 820. On appeal, the defendant argued that, based on *Warner*, plaintiff was required "to establish damages in a later bad faith action 'in the ordinary way.'" *Id*. at 821. The appellate court "disagree[d]" and distinguished the facts of *Warner* by recognizing that, in *Warner*, "the insured's bankruptcy insulated him from any harm resulting from the insurer's bad faith." *Id*. at 821-22.

In this case, Defendant's reading and application of *Warner* is equally misplaced. While AHB may not have suffered damages as a result of the alleged bad faith failure to defend, the damages for the alleged actions of bad faith in the duty to settle must be the reasonable settlement amount. Otherwise, as Plaintiff asserts, "the reasonableness hearing is meaningless." Dkt. 263 at 5. Moreover, at the time of the settlement, AHB was not "insulated" from exposure as was the insured in *Warner*. Requiring Plaintiff to prove its damages on its bad faith claim would allow Defendant another opportunity to protect its interests and relitigate the measure of the insured's harm for the alleged bad faith actions. Defendant had a full and fair opportunity to attack the presumptive measure of damages at the reasonableness hearing. Therefore, Defendant's request that the Court require Plaintiff to prove its bad faith damages at trial is denied because if Plaintiff is able to meet its burden at trial in proving a bad faith failure to settle, then Defendant should be liable for the reasonable settlement amount.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's request that the reasonable settlement amount of the MacLean/AHB settlement not be the presumptive measure of damages on the bad faith claim is **DENIED**. The presumptive measure of damages on Plaintiff's bad faith claim will be the amount determined by the Court to be reasonable, which was $1.2 million.

DATED this 21st day of October, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge