1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                    AT TACOMA

9   MACLEAN TOWNHOMES, LLC, a
    Washington limited liability company, as
10  assignee of American Heritage Builders, a        CASE NO. C06-1093BHS
    Washington corporation,
11
                      Plaintiff,
12
         v.                                           ORDER DENYING
13                                                    PLAINTIFF'S MOTION FOR
                                                      JUDGMENT AS A MATTER
14  CHARTER OAK FIRE INSURANCE                        OF LAW RE: BAD FAITH
    CO., a foreign insurance company,                 CLAIM AND DEFENDANT'S
15                                                    MOTION FOR DIRECTED
                      Defendant.                      VERDICT
16

17         This matter comes before the Court on Plaintiff's Motion for Judgment as a Matter

18  of Law Re: Bad Faith Claim (Dkt. 289) and Defendant's Motion for Directed Verdict

19  (Dkt. 291).  The Court has considered the pleadings filed in support of each motion and

20  the remainder of the file and hereby denies the motions for the reasons stated herein.

21              **I. PROCEDURAL AND FACTUAL BACKGROUND**

22         On August 3, 2006, Plaintiff MacLean Townhomes, LLC filed a complaint for

23  declaratory relief and monetary damages against Defendant Charter Oak Fire Insurance

24  Co.  Dkt. 1.  Plaintiff's claims are based on the assignment of an insurance contract

25  between assignor American Heritage Builders (AHB) and Defendant Charter Oak.  Dkt.

26  56 at 1.  One of Plaintiff's claims is that Charter Oak acted in bad faith with respect to

27  AHB's claims for indemnity.  Dkt. 1, ¶¶ 46-49.

28

On October 24, 2008, the bench trial began.  Dkt. 285.  Plaintiff presented its case on October 24th and 28th.  Dkts. 285 and 293.  On October 28, 2008, after Plaintiff rested, it orally moved for judgment as a matter of law and Defendant orally moved for directed verdict.  Dkt. 293.  Plaintiff filed a brief in support of its motion that evening.  Dkt. 289. On October 29, 2008, Defendant filed a brief in support of its motion.  Dkt. 291.

## II. DISCUSSION

### A.    Defendant's Motion for Directed Verdict

Defendant moves for a "directed verdict" under Fed. R. Civ. P. 50.  Dkt. 291 at 7. "As of December 1, 1991, however, the hoary terms 'judgment notwithstanding the verdict' and 'directed verdict' were forsaken.  Now, both pre-verdict and post-verdict motions under Rule 50 are labelled motions for 'judgment as a matter of law.'" *Doctor's Associates, Inc. v. Weible*, 92 F.3d 108, 111 (2nd Cir. 1996) ("Although the bottles have changed, the wine remains the same: the standard . . . is unaltered.").  The Court will consider Defendant's motion as a motion for judgment as a matter of law.  Regardless, as this case involved a bench trial rather than a jury trial, Rule 50 is inapplicable.  *See* Fed. R. Civ. P. 50, 52(c); *see also* 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2523 (2d ed. 1994).  Therefore, the Court denies Defendant's motion.

### B.    Plaintiff's Motion for Judgment as a Matter of Law

Plaintiff moves for judgment as a matter of law on its bad faith claim against Defendant.  Dkt. 289.  Under Fed. R. Civ. P. 52(c), a court may rule on partial findings as follows:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c). The Court declines to render judgment on partial findings for Plaintiff on only Plaintiff's case and will issue findings of fact and conclusions of law based on the entire record under Fed. R. Civ. P. 52(a)(1).

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law Re: Bad Faith Claim (Dkt. 289) is **DENIED** and Defendant's Motion for Directed Verdict (Dkt. 291) is **DENIED**.

DATED this 3rd day of November, 2008.


BENJAMIN H. SETTLE
United States District Judge