UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,

Plaintiff,

v.

CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,

Defendant.

CASE NO. C06-1093BHS

ORDER

This matter comes before the Court on Plaintiff's motion for an award of fees and costs (Dkt. 313), Defendant's motion to continue (Dkt. 318), and Defendant's motion to compel (Dkt. 323). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In March 2005, Plaintiff MacLean Townhomes, LLC retained The Harper Firm, PLLC to litigate claims against Defendant, as well as other insurers. Dkt. 314, Declaration of Greg Harper ("Harper Decl."), ¶¶ 15-16. Plaintiff had recently entered into a settlement agreement with one of its subcontractors, American Heritage Builders ("AHB"). Dkt. 310, ¶ 29. As part of that agreement, AHB stipulated to a judgment in favor of Plaintiff in the amount of $1,806,219.06 and assigned to Plaintiff all of AHB's contractual and extra-contractual claims and causes of action against its liability insurers,

ORDER – 1

1 including Defendant. *Id*. In return, Plaintiff agreed to enforce the stipulated judgment
2 against only AHB's insurance companies. *Id*.

3 The original action between Plaintiff and Defendant was in King County Superior
4 Court for the State of Washington ("MacLean I"). In December of 2005, Plaintiff
5 dismissed its claims without prejudice. Harper Decl., ¶ 17.

6 On August 3, 2006, Plaintiff filed a complaint for declaratory relief and monetary
7 damages against Defendant ("MacLean II"). Dkt. 1.

8 In January of 2007, The Harper Law Firm, PLLC changed its name to Harper |
9 Hayes. Harper Decl., ¶ 7.

10 On July 11, 2008, the Court granted Plaintiff's Motion for Summary Judgment Re:
11 Prejudgment Interest. Dkt. 150. Specifically, the Court found as follows: "To the extent
12 that Plaintiff obtains a recovery in this case on its claim for indemnity coverage against
13 Defendant, it is entitled to interest on that amount calculated from March 3, 2005." *Id*. at
14 6.

15 After contentious litigation and significant motion practice, the Court held a
16 reasonableness hearing to determine the reasonableness of the stipulated judgment. On
17 September 18, 2008, the Court concluded that Plaintiff had failed to show that the
18 stipulated judgment amount was reasonable and reduced the amount by $606,219.06, to
19 $1.2 million dollars. Dkt. 226.

20 On October 24, 28, and 29, 2008, the Court held a bench trial on this matter. Dkts.
21 285, 293-94. On November 21, 2008, the Court issued its Findings of Fact, Conclusions
22 of Law, and Order. Dkt. 310. The Court concluded that there was coverage under the
23 insurance policy, that exclusions applied to bar coverage for some of the claimed damage
24 and repair work, and found for Plaintiff in the amount of $202,955.80. *Id*.

25 On December 8, 2008, Plaintiff filed a Motion for an Award of Attorney's Fees,
26 Costs, and Prejudgment Interest. Dkt. 313. On December 12, 2008, Defendant

1 responded. Dkt. 327. On December 17, Plaintiff replied and included a motion to strike
2 portions of Defendant's response. Dkt. 333.

3 On December 10, 2008, Defendant filed a Motion to Continue Plaintiff's Motion
4 for an Award of Attorney's Fees, Costs and Prejudgment Interest. Dkt. 318. On
5 December 11, 2008, Plaintiff responded. Dkt. 326. On December 16, 2008, Defendant
6 replied. Dkt. 330.

7 On December 11, 2008, Defendant filed a Motion to Compel Production of
8 Contingent Fee Agreement Between Plaintiff and Its Counsel. Dkt. 323. On December
9 22, 2008, Plaintiff responded. Dkt. 337. On December 23, 2008, Defendant replied.
10 Dkt. 341.

## II. DISCUSSION

### A. Defendant's Motion to Continue

Defendant moves to continue Plaintiff's motion for fees and costs "in order to review the approximately 115 pages of Plaintiff's invoices in this matter." Dkt. 318 at 1. Defendant argues that an independent auditor should be allowed to review the invoices for proper objections. At this time, the Court is not persuaded that it is necessary for an independent auditor to review Plaintiff's invoices. The Court, however, may reconsider this position after the parties submit materials in accordance with this order. Therefore, Defendant's motion is renoted for consideration on the Court's February 20, 2009 calendar.

### B. Defendant's Motion to Compel

Under Fed. R. Civ. P. 54(d)(2)(B), the court may order that a motion for attorney's fees disclose "the terms of any agreement about fees for the services for which the claim is made." The Court considers the fee agreement between Plaintiff and its counsel a relevant factor in its determination as to any award of fees. Therefore, Plaintiff shall disclose all provisions of its representation agreement that cover, in any manner whatsoever, the recovery of fees in this matter. Plaintiff is not required to disclose its

ORDER – 3

entire scope of representation agreement, only the terms that regard attorney's fees. Plaintiff shall file this information forthwith. The Court denies Defendant's motion to compel this agreement as moot.

Plaintiff argues that Defendant's motion was frivolous and requests sanctions for the fees it incurred in responding to Defendant's motion. Dkt. 337 at 5. The Court denies Plaintiff's request for sanctions because its fee agreement is considered relevant to this Court's determination of any fee award.

**C.     Plaintiff's Motion to Strike**

Plaintiff argues that Defendant's response brief is impermissibly over-length and requests that the Court strike the portion of the brief that is in excess of the page limit. Dkt. 333 at 2. Local Rule 7(d)(2)(F) dictates that Defendant's brief should not have exceeded 12 pages. Defendant's brief is 29 pages long. *See* Dkt. 327. While there is no justification for Defendant's failure to follow the local rule, Plaintiff is not prejudiced by Defendant's excess pages on this matter. Therefore, the Court denies Plaintiff's motion to strike Defendant's excess response.

**D.     Prejudgment Interest**

The Court has already decided this issue. *See* Dkt. 150. Defendant's opposition to the award of prejudgment interest is another untimely motion for reconsideration. Plaintiff is entitled to prejudgment interest on the final judgment of $202,955.80 from the date of March 3, 2005.

**E.     Discovery Related to Mark Thorsrud**

The Court has already decided this issue. *See* Dkt. 181. Defendant claims that Plaintiff's claim for these fees is "grossly inflated." Dkt. 327. Defendant has provided no facts to support this conclusory statement. The Court finds that Plaintiff's fees and costs are reasonable and are recoverable as sanctions for Defendant's failure to properly disclose Mr. Thorsrud.

**F.     Entitlement to Attorney's Fees**

Washington generally follows the "American rule" on attorneys' fees, which provides that parties bear their own costs of litigation, unless fee recovery is permitted by contract, statute, or in equity. *Leingang v. Pierce County Med. Bureau*, 131 Wn.2d 133, 143 (1997). However, in *Olympic Steamship*, the Washington Supreme Court held that "[a]n insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees, regardless of whether the duty to defend is at issue." *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 54 (1991). Fees are recoverable where the insurer forces the insured to litigate questions of coverage, but not where the controversy is only about the amount of a claim. *Leingang*, 131 Wn.2d at 147; *McGreevy v. Or. Mut. Ins. Co.*, 128 Wn.2d 26, 33 n. 4 (1995) (citing *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280-81 (1994)). Thus, when an insurer unsuccessfully contests coverage, it places its interests above the insured, and equity compels a fee award. *McGreevy*, 128 Wn.2d at 39-40.

Applying the guidelines set forth in *Olympic Steamship* and its progeny, the Court will consider each of Plaintiff's fee requests separately.

**1.     Work Done Prior to Stipulated Judgment**

Plaintiff argues that it is entitled to fees and costs for work done prior to the March 3rd, 2005 stipulated judgment. *See* Harper Decl., Exh. F at 2-24. Plaintiff provides no authority for the proposition that fees incurred before it became an assignee to the insurance contract are recoverable. Therefore, the Court denies Plaintiff's request for fees and costs incurred before March 3, 2005.

**2.     MacLean I**

Plaintiff argues that it is entitled to fees and costs for work done on the state court action after the entry of the stipulated judgment but before the voluntary dismissal of its claims. *See* Harper Decl., Exh F at 24-38. Again, Plaintiff provides no authority for the proposition that this Court is authorized to award fees and costs incurred in a separate

ORDER – 5

state court action. Even if the Court was authorized to award fees for a separate state court action, Plaintiff has failed to show that the fees were related to coverage issues. The majority of the entries seem to be related to the issue of reasonableness of the stipulated judgment. Therefore, the Court denies Plaintiff's request for fees and costs incurred in MacLean I.

### 3. MacLean II

Defendant argues that an award of attorney's fees are not appropriate in this matter because coverage was never *denied*. Dkt. 327 at 8. Defendant's argument is without merit because the standard for an award of attorney's fees in Washington is based on whether the insurer forces the insured to litigate questions of coverage, not whether coverage is explicitly denied by the insurer. In this case, the opening line in Defendant's trial brief was as follows: "The only remaining issues involve scope/coverage . . . ." Dkt. 249 at 1. Therefore, Plaintiff is entitled to fees for this action because Defendant unsuccessfully disputed coverage.

Defendant also argues that Plaintiff is not entitled to fees and costs that are related to the reasonableness hearing. Dkt. 327 at 18-20. But the reasonableness hearing was a necessary part of this action and established the presumptive measure of damages for the coverage trial. Defendant's argument would be more persuasive if it had conceded coverage and only disputed the reasonableness of the stipulated judgment. However, this was not the case, and Plaintiff is entitled to fees and costs related to the reasonableness hearing.

### 4. Fees and Costs Related to the Fee Petition

Plaintiff argues that it is entitled to fees and costs associated with "presenting a fee and cost request or defending its entitlement to fees and costs." Dkt. 313 at 10. The Court agrees.

ORDER – 6

**G.     Reasonableness of Fee Requests**

Washington courts use the "lodestar method" to determine whether a fee request is reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 291 (1998), *overruled on other grounds* by *Panorama Village Condo. Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 144 (2001). "The lodestar award is arrived at by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter." *Id*. (quoting *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149 (1993)). As explained in *McGreevy*:

> The first step is to look at the number of hours expended. The second step is to determine if the hourly fee charged was reasonable – the third step is to multiply the two to reach the lodestar fee. Finally, [a]fter calculating a lodestar fee, the court should consider whether it needs adjustment either upward or downward to reflect factors not already taken into consideration.

*Id*. (internal quotation marks omitted).

**1.     Hours Expended**

In terms of the number of hours expended, a court should segregate time spent on successful claims from hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (1983).

Plaintiff did not succeed on its claims for bad faith or for violations of the Washington Consumer Protection Act. *See* Dkt. 310. The Court finds that Plaintiff is not entitled to the hours expended on these claims. In other words, Plaintiff is only entitled to fees and costs incurred on its claim for insurance coverage.

Plaintiff originally demanded a jury trial, but on October 15, 2008, the parties stipulated to a bench trial. Dkt. 264. *See id*. The Court finds that Plaintiff is not entitled to fees related to the hours expended in drafting jury instructions, attending or preparing for the "Mock Juror Project," or any other jury trial related fees. *See e.g.* Harper Decl., Exh F at 93.

**2.     Hourly Fees Charged**

The Court finds that the hourly fees charged by the Harper | Hayes attorneys and staff are reasonable.

ORDER – 7

### 3. Other Factors Not Already Taken Into Consideration

The most significant factor that the Court has not yet taken into consideration is the pursuit of a $1.8 million stipulated judgment that was thought to be unreasonable at the time it was entered into by AHB's president, Gary Hanson. Moreover, it is notable that the attorney's fees borne by both parties to resolve this matter are multiple times the amount of the final judgment. These are factors that should be considered before the Court enters a final award of fees and costs in this matter. The Court, however, is unable to do so based on the findings and conclusions in this order and the materials currently on file.

## H. Conclusion

Plaintiff is entitled to fees, costs, and prejudgment interest as stated herein. The parties are directed to meet and confer and prepare a proposed order awarding fees, costs and interest that is consistent with this order. If this final request for agreement is futile, the parties may submit a single brief that includes separate paragraphs with each party's suggested award, together with supporting affidavits regarding fee calculations.

## III. ORDER

Therefore, it is hereby

**ORDERED** that:

1. Defendant's Motion to Continue Plaintiff's Motion for an Award of Attorney's Fees, Costs and Prejudgment Interest (Dkt. 318) is **RENOTED** for consideration on the Court's February 20, 2009 calendar;

2. Plaintiff's request for sanctions (Dkt. 337) is **DENIED**;

3. Defendant's Motion to Compel Production of Contingent Fee Agreement Between Plaintiff and Its Counsel (Dkt. 323) is **DENIED**; and

4. Plaintiff's Motion for an Award of Attorney's Fees, Costs, and Prejudgment Interest (Dkt. 313) is **GRANTED in part** and **DENIED in part** as stated herein. The

parties are directed to present the Court with a proposed order awarding fees, costs, and interest by February 20, 2009.

DATED this 28th day of January, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 9