# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MACLEAN TOWNHOMES, LLC, a Washington limited liability company, as assignee of American Heritage Builders, a Washington corporation,

Plaintiff,

v.

CHARTER OAK FIRE INSURANCE CO., a foreign insurance company,

Defendant.

CASE NO. C06-1093BHS

ORDER

This matter comes before the Court on Plaintiff's motion for an award of fees and costs (Dkt. 313), Defendant's motion to continue (Dkt. 318), the Court's order requesting a joint brief on these issues (Dkt. 353), and the parties' Joint Brief (Dkt. 357). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In March 2005, Plaintiff MacLean Townhomes, LLC retained The Harper Firm, PLLC to litigate claims against Defendant, as well as other insurers. Dkt. 314, Declaration of Greg Harper ("Harper Decl."), ¶¶ 15-16. Plaintiff had recently entered into a settlement agreement with one of its subcontractors, American Heritage Builders ("AHB"). Dkt. 310, ¶ 29. As part of that agreement, AHB stipulated to a judgment in favor of Plaintiff in the amount of $1,806,219.06 and assigned to Plaintiff all of AHB's

ORDER – 1

contractual and extra-contractual claims and causes of action against its liability insurers, including Defendant. *Id*. In return, Plaintiff agreed to enforce the stipulated judgment against only AHB's insurance companies. *Id*.

The original action between Plaintiff and Defendant was in King County Superior Court for the State of Washington ("MacLean I"). In December of 2005, Plaintiff dismissed its claims without prejudice. Harper Decl., ¶ 17.

On August 3, 2006, Plaintiff filed a complaint for declaratory relief and monetary damages against Defendant ("MacLean II"). Dkt. 1.

In January of 2007, The Harper Law Firm, PLLC changed its name to Harper | Hayes. Harper Decl., ¶ 7.

On July 11, 2008, the Court granted Plaintiff's Motion for Summary Judgment Re: Prejudgment Interest. Dkt. 150. Specifically, the Court found as follows: "To the extent that Plaintiff obtains a recovery in this case on its claim for indemnity coverage against Defendant, it is entitled to interest on that amount calculated from March 3, 2005." *Id*. at 6.

After extensive litigation and significant motion practice, the Court held a reasonableness hearing to determine the reasonableness of the stipulated judgment. On September 18, 2008, the Court concluded that Plaintiff had failed to show that the stipulated judgment amount was reasonable and reduced the amount by $606,219.06, to $1.2 million dollars. Dkt. 226.

On October 24, 28, and 29, 2008, the Court held a bench trial on this matter. Dkts. 285, 293-94. On November 21, 2008, the Court issued its Findings of Fact, Conclusions of Law, and Order. Dkt. 310. The Court concluded that there was coverage under the insurance policy, that exclusions applied to bar coverage for some of the claimed damage and repair work, and found for Plaintiff in the amount of $202,955.80. *Id*.

On December 8, 2008, Plaintiff filed a Motion for an Award of Attorney's Fees, Costs, and Prejudgment Interest. Dkt. 313. On December 12, 2008, Defendant

1 responded. Dkt. 327. On December 17, Plaintiff replied and included a motion to strike
2 portions of Defendant's response. Dkt. 333.

3 On December 10, 2008, Defendant filed a Motion to Continue Plaintiff's Motion
4 for an Award of Attorney's Fees, Costs and Prejudgment Interest. Dkt. 318. On
5 December 11, 2008, Plaintiff responded. Dkt. 326. On December 16, 2008, Defendant
6 replied. Dkt. 330.

7 On February 13, 2009, the Court issued an order that outlined the categories of
8 fees and costs that would be awarded in this case. Dkt. 353. The Court ordered that the
9 parties either submit a stipulation consistent with that order or file a joint brief stating
10 their respective positions as to the fees and costs that would be awarded. *Id*. at 8-9. On
11 March 6, 2009, the parties submitted a joint brief and supporting documentation. Dkts.
12 356, 357, and 358.

## II. DISCUSSION

### A. Defendant's Motion to Continue

15 Defendant moves to continue Plaintiff's motion for fees and costs "in order to
16 review the approximately 115 pages of Plaintiff's invoices in this matter." Dkt. 318 at 1.
17 Defendant argues that an independent auditor should be allowed to review the invoices
18 for proper objections. *Id*. Defendant has submitted an independent audit of Plaintiff's
19 invoices. Dkt. 358. Therefore, the Court denies Defendant's motion as moot.

### B. Prejudgment Interest

21 The Court has already decided this issue. *See* Dkt. 150. Defendant's opposition to
22 the award of prejudgment interest is another untimely motion for reconsideration.
23 Plaintiff is entitled to prejudgment interest on the final judgment of $202,955.80 from the
24 date of March 3, 2005. Interest accrues at a 12% annual percentage rate, which Plaintiff
25 has calculated at $66.725 per day. Dkt. 356 at 4. Because prejudgment interest and post
26 judgment interest are the same rate, Defendant is responsible for the accrued interest on
27 the amount of judgment from March 3, 2005, until the judgment is paid.

28

ORDER – 3

## C. Discovery Related to Mark Thorsrud

The Court has already decided this issue. *See* Dkt. 181. Defendant claims that Plaintiff's claim for these fees is "grossly inflated." Dkt. 327. Defendant has provided no facts to support this conclusory statement. The Court finds that Plaintiff's fees and costs are reasonable and are recoverable as sanctions for Defendant's failure to properly disclose Mr. Thorsrud.

Plaintiff claims that its fees and costs total $22,557.27, which is the sum of $21,478.25 in attorney's fees and $1,079.02 in costs. Dkt. 356 at 4. Defendant claims that Plaintiff's costs should be $30,056.45. *See* Dkt. 357 at 26. While the Court recognizes that Defendant objects to the imposition of sanctions, the Court will infer that Defendant does not object to Plaintiff's claim for the smaller total amount of fees and costs on this issue. Therefore, the Court awards Plaintiff $22,557.27 in fees and costs as sanctions for Defendant's failure to properly disclose Mr. Thorsrud as a witness. *See* Dkt. 181.

## D. Entitlement to Costs

Pursuant to Fed. R. Civ. P. 54(d)(1), "unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Moreover, the clerk of the Court shall tax the costs. Local Rule 54(d)(3). Therefore, as more fully explained below, the clerk is directed to tax Plaintiff's costs against Defendant for Plaintiff's costs for the reasonableness hearing and for the coverage issues throughout this litigation.

## E. Entitlement to Attorney's Fees

Washington generally follows the "American rule" on attorney's fees, which provides that parties bear their own costs of litigation, unless fee recovery is permitted by contract, statute, or in equity. *Leingang v. Pierce County Med. Bureau*, 131 Wn.2d 133, 143 (1997). However, in *Olympic Steamship*, the Washington Supreme Court held that "[a]n insured who is compelled to assume the burden of legal action to obtain the benefit

ORDER – 4

of its insurance contract is entitled to attorney fees, regardless of whether the duty to defend is at issue." *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 54 (1991). Fees are recoverable where the insurer forces the insured to litigate questions of coverage, but not where the controversy is only about the amount of a claim. *Leingang*, 131 Wn.2d at 147; *McGreevy v. Or. Mut. Ins. Co.*, 128 Wn.2d 26, 33 n. 4 (1995) (citing *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280-81 (1994)). Thus, when an insurer unsuccessfully contests coverage, it places its interests above the insured, and equity compels a fee award. *McGreevy*, 128 Wn.2d at 39-40.

Applying the guidelines set forth in *Olympic Steamship* and its progeny, the Court will consider each of Plaintiff's fee requests separately.

**1. Work Done Prior to Stipulated Judgment**

Plaintiff argues that it is entitled to fees and costs for work done prior to the March 3rd, 2005 stipulated judgment. *See* Harper Decl., Exh. F at 2-24. Plaintiff provides no authority for the proposition that fees incurred before it became an assignee to the insurance contract are recoverable. Therefore, the Court denies Plaintiff's request for fees and costs incurred before March 3, 2005.

**2. MacLean I**

Plaintiff argues that it is entitled to fees and costs for work done on the state court action after the entry of the stipulated judgment but before the voluntary dismissal of its claims. *See* Harper Decl., Exh F at 24-38. Again, Plaintiff provides no authority for the proposition that this Court is authorized to award fees and costs incurred in a separate state court action. Even if the Court was authorized to award fees for a separate state court action, Plaintiff has failed to show that the fees were related to coverage issues. The majority of the entries seem to be related to the issue of reasonableness of the stipulated judgment. Therefore, the Court denies Plaintiff's request for fees and costs incurred in MacLean I.

ORDER – 5

### 3. MacLean II

Plaintiff requests attorney's fees for this federal court action. Dkt. 313. Defendant argues that an award of attorney's fees are not appropriate in this matter because coverage was never *denied*. Dkt. 327 at 8. Defendant's argument is without merit because the standard for an award of attorney's fees in Washington is based on whether the insurer forces the insured to litigate questions of coverage, not whether coverage is explicitly denied by the insurer. In this case, the opening line in Defendant's trial brief was as follows: "The only remaining issues involve scope/coverage . . . ." Dkt. 249 at 1. Therefore, Plaintiff is entitled to fees for this action because Defendant unsuccessfully disputed coverage.

Defendant also argues that Plaintiff is not entitled to fees and costs that are related to the reasonableness hearing. Dkt. 327 at 18-20. But the reasonableness hearing was a necessary part of this action and established the presumptive measure of damages for the coverage trial. Defendant's argument would be more persuasive if it had conceded coverage and only disputed the reasonableness of the stipulated judgment. However, this was not the case, and Plaintiff is entitled to fees and costs related to the reasonableness hearing.

In the parties' joint brief, Defendant argues that "Plaintiff's fees for the reasonableness hearing were a creation of their own settlement, which this Court found to be unreasonable." While true, a reasonableness hearing would have been required regardless of the amount of the settlement. *See* RCW 4.22.060. Thus, Defendant's argument goes to the amount of fees that the Court should award and not to whether the Court should award fees at all.

### 4. Fees and Costs Related to the Fee Petition

Plaintiff argues that it is entitled to fees and costs associated with "presenting a fee and cost request or defending its entitlement to fees and costs." Dkt. 313 at 10. The Court agrees.

ORDER – 6

**F.     Reasonableness of Fee Requests**

Washington courts use the "lodestar method" to determine whether a fee request is reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 291 (1998), *overruled on other grounds* by *Panorama Village Condo. Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 144 (2001). "The lodestar award is arrived at by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter." *Id.* (quoting *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149 (1993)). As explained in *McGreevy*:

> The first step is to look at the number of hours expended. The second step is to determine if the hourly fee charged was reasonable – the third step is to multiply the two to reach the lodestar fee. Finally, [a]fter calculating a lodestar fee, the court should consider whether it needs adjustment either upward or downward to reflect factors not already taken into consideration.

*Id.* (internal quotation marks omitted).

**1.     Hours Expended**

In terms of the number of hours expended, a court should segregate time spent on successful claims from hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (1983).

**a.     Reasonableness Hearing**

Defendant does not offer an estimate of the hours that Plaintiff's attorneys expended on the reasonableness hearing. Plaintiff, however, has submitted its invoices with the time that its attorneys spent on reasonableness hearing related issues separated from the time that they spent on other issues in this matter. *See* Dkt. 356 at 9-65. Although Plaintiff does not provide the Court with a number of total hours expended, the number is most likely between 700-1000 hours based on the fees requested ($194,419.09) and the attorneys' hourly rates (*see* Dkt. 314 at 14). The Court finds that this number of hours expended is reasonable because the reasonableness hearing covered four days, included 11 witnesses, and involved numerous factual disputes. *See* Dkts. 216, 218, 219, and 220. As explained below, the Court finds that this award of fees should be subject to an adjustment based on the result obtained.

ORDER – 7

1    **b.    Coverage Issues**

Plaintiff did not succeed on its claims for bad faith or for violations of the Washington Consumer Protection Act. *See* Dkt. 310. The Court finds that Plaintiff is not entitled to the hours expended on these claims. In other words, Plaintiff is only entitled to fees and costs incurred on its claim for insurance coverage.

The parties significantly disagree as to the number of hours Plaintiff's spent on insurance coverage issues. *Compare* Dkt. 356 at 9-65 *with* Dkt. 358 at 29-36. While Plaintiff highlights its invoices with respect to its estimate of the hours spent on coverage issues, Dkt. 356 at 9-65, the Court is uninformed as to the total number of expended hours. On the other hand, Defendant claims that, based on the invoices, Plaintiff spent 435.3 hours on coverage issues. Dkt. 358 at 36. The Court finds that Defendant's estimate of hours worked is reasonable in light of the issues of whether there was coverage under the insurance contract and whether certain exclusions applied.

Therefore, the Court awards Plaintiff $96,304.50 for attorney's fees relating to the coverage work in this action.

**c.    Fee Petition**

Plaintiff submitted three briefs regarding the fee petition: (1) the motion for fees (Dkt. 313), (2) the reply (Dkt. 333), and (3) its portion of the joint brief (Dkt. 357). Plaintiff requests $20,732 for the motion (Dkt. 313 at 11), $14,649.50 for the reply (Dkt. 334 at 4), and $6,560 for the joint brief (Dkt. 357 at 2). Defendant contends that the Court should only award Plaintiff $19,755. Dkt. 357 at 26. Defendant's numbers, however, are based on work done only on the original motion. *See* Dkt. 358 at 40-41 (itemized work from 11/24/2008 to 12/08/2008). The Court finds that Plaintiff's request for fees on the original petition and the joint brief are reasonable.

On the other hand, Plaintiff's request for fees as to the reply are not reasonable as they include work performed in opposing Defendant's post-trial motions. *See* Dkt. 334 at 4. On this invoice, the work of attorneys Todd C. Hayes and Michael J. Crisera was not

related to the fee petition. The Court finds that the other itemized work entries reasonably relate to the fee petition, which amount to $7,262.00.

Therefore, the Court awards Plaintiff a total of $34,554.00 for fees related to this fee petition.

### 2. Hourly Fees Charged

The Court finds that the hourly fees charged by the Harper | Hayes attorneys and staff are reasonable.

### 3. Other Factors Not Already Taken Into Consideration

The remaining factor that the Court finds reasonable to consider is the reduction of the stipulated judgment after the reasonableness hearing. Plaintiff's theory of the case was coverage by estoppel due to Defendant's bad faith. Plaintiff argued that Defendant was liable for the entire $1.8 million stipulated judgment regardless of any exclusion in the insurance contract. AHB's owner, Gary Hanson, testified that the $1.8 million figure was an arbitrary number and that it was not reasonable at the time he signed the stipulated judgment.

The Court finds that the fees and costs incurred in pursuit of that unreasonable judgment should be reduced in proportion to the amount that the Court found would have been a reasonable settlement amount at the time the parties entered into the settlement. The Court reduced the roughly $1.8 million settlement amount to the reasonable amount of $1.2 million. Applying this ratio (1,200,000/1,806,219.06) to Plaintiff's request for $194,419.09 results in a fee award of $129,166.45 for attorney's work relating to the reasonableness hearing.

## G. Conclusion

The Court finds that Plaintiff is entitled to attorney's fees and some costs as follows:

| | |
|---|---|
| Reasonableness Hearing | $129,166.45 |
| Coverage Work | $96,304.50 |

| | |
|---|---|
| Mr. Thorsrud as Witness | $22,557.27 |
| Fee Petition | $34,554.00 |

The Court awards prejudgment interest pursuant to its order on this issue (Dkt. 150). The Court awards the fees and costs related to Mr. Thorsrud as sanctions pursuant to its order on this issue (Dkt. 181). The Court awards the other fees pursuant to this order.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for an Award of Attorney's Fees, Costs and Prejudgment Interest (Dkt. 313) is **GRANTED in part** and **DENIED in part** as stated herein and Defendant's Motion to Continue Plaintiff's motion (Dkt. 318) is **DENIED** as moot.

DATED this 18th day of March, 2009.

BENJAMIN H. SETTLE
United States District Judge